David K. WONG, Plaintiff,

v.

John D. CALVIN, Individually and as Director of the Bureau of Highway Safety and Motor Vehicles of the State of Florida, and Buck Jones, Individually and as Bureau Chief of the Bureau of Mobile Home Construction, Department of Highway Safety and Motor Vehicles of the State of Florida, Defendants.

No. 78–0982.

United States District Court, N. D. Florida, Tallahassee Division.

July 15, 1980.

E. Harper Field and Albert W. Whitaker, Tallahassee, Fla., for plaintiff.

Pamela L. Lutton, Dept. of Legal Affairs, Tallahassee, Fla., for defendants.

## ORDER DENYING MOTION TO DISMISS

HIGBY, District Judge.

This case is before me on Defendants' motion to dismiss the second amended complaint. Wong's complaint alleges the Defendants discriminated against him on the basis of his race and national origin and denied him due process in discharging him from his position as a Professional Engineer II in the Bureau of Mobile Home Construction, Department of Highway Safety and Motor Vehicles, State of Florida (hereinafter the Bureau and the Department, respectively). Wong seeks relief under Title VII of the Civil Rights Act of 1964 (Title 42 United States Code, Section 2000e *et seq.*) and Title 42, United States Code, Sections 1981 and 1983. Wong asks for injunctive relief, actual damages, punitive damages, costs and attorney's fees as relief from the Defendants individually and officially.

Both Defendants question Wong's right to recover damages from them in their official capacities. Calvin claims in addition that the court cannot take jurisdiction of the Title VII claim against him, and Calvin and Jones claim all other claims are barred by the statute of limitations.

## DAMAGES AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES

John Calvin was the Department's Director at the time of Wong's discharge, and Buck Jones was the Bureau's Chief. Wong seeks, among other things, damages from them in their official capacities. Both argue the Eleventh Amendment to the United States Constitution forbids recovering damages from them in their official capacities. Retrospective monetary relief against a State is barred by the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). All parties appear to agree that any judgment against Defendants in their official capacities would be paid from the State's treasury. The damages claim against them in their official capacities is therefore barred by the Eleventh Amendment. Wong's attempt to distinguish *Quern* because it cites *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), with approval is erroneous. Justice Rehnquist distinguishes *Fitzpatrick* in *Quern* noting it involved a statute which plainly contemplated recovery of damages from the State.

## THE TITLE VII CLAIM AGAINST CALVIN

Calvin says the court does not have jurisdiction over the Title VII claim against him because he was not named in Wong's Charge of Discrimination filed with the Equal Employment Opportunity Commission (EEOC). Filing a charge with EEOC is a jurisdictional prerequisite to bringing a Title VII claim in district court. 42 U.S.C. § 2000e–5(f)(1), (1976); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970). Because charges are usually filed by lay people unlettered in the law and because of the statute's remedial purposes, charges should be tolerantly construed. *Sanchez v. Standard Brands, Inc., supra*. When evaluating a jurisdictional challenge to a Title VII complaint the prerequisite's reasons for existence are important and should be carefully considered. They are:

First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law.

*Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711, 719 (7th Cir. 1969).

■ The Fifth Circuit identifies the factual statement as a crucial element. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970). Examination of Wong's Charge of Discrimination shows this lawsuit comes as no surprise to Calvin and he must have had his notice and opportunity to conciliate. The charge identifies the Bureau of Mobile Home Construction and the Department of Highway Safety and Motor Vehicles as the discriminating employer. Calvin was Director of the Department at the time. Jones is listed as an "other" who discriminated against Wong. Item five of Wong's charge's factual statement says: "The Director of the Division of Motor Vehicles was always inaccessible to discuss my dilemma." Paragraph 6 claims: "My [Wong's] right to grieve was denied by the Department of Highway Safety and Motor Vehicles." Also, Calvin signed Wong's discharge letter.

■ The Third Circuit has developed useful guidelines for determining whether a party has been sufficiently identified in an EEOC charge to allow a Title VII lawsuit to proceed against her. I adopt them for analyzing Defendants' motion to dismiss. The factors isolated are:

1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has

in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Glus v. G. C. Murphy Co.*, 562 F.2d 880 (3d Cir. 1977) at 888; *See also, Canavan v. Beneficial Finance Corp.*, 553 F.2d 860 (3d Cir. 1977); *Green v. U. S. Steel Corp.*, 481 F.Supp. 295 (E.D.Pa.1979); *Curran v. Portland Superintending School Committee*, 435 F.Supp. 1063 (Me.1977).

■ Information relevant to the first factor is ambiguous. Since Calvin signed Wong's discharge letter, Wong had to know Calvin was involved in his discharge. But nothing shows Wong had any way of knowing the extent of Calvin's involvement or his motivation. The second factor, sometimes described as the "substantial identity" test, *Curran v. Portland Super. Sch. Committee*, 435 F.Supp. 1063 (Me.1977) at 1074, is present here. The Bureau of Mobile Home Construction and the Department of Highway Safety and Motor Vehicles were both named in Wong's EEOC charge. Calvin was Director of the Department and as director is ultimately responsible for the Bureau. *See*, §§ 20.05(1) and 20.24(2)(c) 1, Fla.Stat. (1977); 15 F.A.C. §§ 1.01(3) and 15–1.05(5). Thus, his interests in this matter are and were the same as those of the parties named in the EEOC charge. For purposes of voluntary conciliation and compliance, naming Calvin in the EEOC charge would have been unnecessary. If the Department or Bureau complied, Calvin as the Department Director would perforce comply.

The third factor is not relevant here. Calvin has not alleged actual prejudice, and none is apparent.

The fourth factor, like the second, weighs heavily in Wong's favor. Jones as a subordinate in the line of command from Calvin was by his position represented by Calvin as his representative in his dealings with Wong.

Consideration of these factors shows Calvin was sufficiently identified in Wong's EEOC charge to satisfy the reasons for the

jurisdictional prerequisite. The substantial similarity in interests between Calvin, the Department, and the Bureau ensure Calvin received notice of the charges and an opportunity for conciliation. As importantly, Calvin by his position and by signing Wong's discharge letter is so clearly bound up in any alleged discrimination that any reasonable investigation of the EEOC charges would have included Calvin, once again meeting the goals of the EEOC charge prerequisite.[1] Furthermore, the Department's organization functioned to make Jones Calvin's representative so that through Jones, who was named in the complaint, Calvin received notice and an opportunity to conciliate. I find that the jurisdictional prerequisite of an EEOC charge against Defendant Calvin has been satisfied and his motion to dismiss on that ground is denied.

### STATUTE OF LIMITATIONS

■ The Defendants' motion to dismiss also argues the 1981 and 1983 claims against both of them are barred by the statute of limitations. The Fifth Circuit's decisions in *Cutliff v. Greyhound Lines, Inc.*, 558 F.2d 803 (5th Cir.1977), *Johnson v. Goodyear Tire and Rubber Co.*, 491 F.2d 1364 (5th Cir. 1974), and *United States v. Georgia Power Co.*, 474 F.2d 906 (5th Cir. 1973), constrain me to apply Florida's statute of limitations for actions to recover wages.[2] The statute, Section 95.11(4)(c), Florida Statutes (1977), creates a two-year period of limitations.

Defendant Jones asks for dismissal of the claims against him under the Civil Rights Act on the grounds that they are barred by the statute of limitations. Defendant Calvin seeks dismissal of all claims against him for the same reason. Both Defendants' positions are correct unless the claims raised in Wong's amended complaint relate back to his original *pro se* complaint and the first amended complaint which were filed well within all applicable statutes of limitation.

### AMENDING TO ADD A PARTY

■ Wong's amended complaint added Calvin as a defendant. Federal Rule of Civil Procedure 15(c) allows amending a complaint to add an unnamed defendant:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*See also, Williams v. United States*, 405 F.2d 234 (5th Cir. 1968). Important considerations are whether the original pleading was likely to give fair notice to the added party that a claim existed against her for the occurrence described in the complaint and whether the added defendant suffers any prejudice other than having to defend a

---

1. *Lewis v. Southeastern Pennsylvania Transportation Authority*, 440 F.Supp. 887 (E.D.Pa. 1977), and *McDonald v. American Federation of Musicians*, 308 F.Supp. 664 (N.D.Ill.1970), are similar cases. *McDonald* decided the union official responsible for collecting dues was adequately noticed by an EEOC charge which did not name him but complained of discrimination in the union's dues structure. *Lewis* applied the same reasoning to a depot superintendent because the EEOC report showed Depot Superintendents had disciplinary discretion and the plaintiff had complained of discipline she received.

2. I must note, however, that Judge King's observations in *Bennett v. Georgetown Manor, Inc.*, 452 F.Supp. 590 (S.D.Fla.1978), are well taken. Suits under Sections 1981, 1983, 1985, and 1988 involve more than wages. Also, the cases cited in the body seem inconsistent with the holding in *Ingram v. Steven Robert Corp.*, 547 F.2d 1260 (5th Cir. 1977).

lawsuit which she hoped was time barred. *See, Skidmore v. Syntex Laboratories, Inc.,* 529 F.2d 1244 (5th Cir. 1976); *Williams v. United States,* 405 F.2d 234 (5th Cir. 1968). Facts supporting allowing an amendment to relate back have included a substantial identity of interest between the originally named and the added party, the parties having the same agents or attorneys, and the parties having the same address. *See, e. g., Skidmore v. Syntex Laboratories, Inc., supra; Williams v. United States, supra; Travelers Indemnity Co. v. United States,* 382 F.2d 103 (10th Cir. 1967).

As has already been set out in the section discussing the EEOC complaint, Jones and Calvin have a substantial identity of interest. Both Defendants are represented by the same Assistant Attorney General. Therefore, through his attorney Calvin received notice of this action as soon as it began. The factual basis for the action against Calvin is the same as that of the action against Jones. Consequently, Calvin suffers no prejudice since a defense preparation was begun when the original complaint was filed.

Two factors graphically show the substantial identity of the parties and the accompanying lack of prejudice to Calvin. First is Jones' opposition to Wong's motion to amend the complaint to include Calvin. Jones' counsel vigorously opposed Calvin's addition. This demonstrates Calvin's interests have been protected from the outset of this litigation. Second is the wording of the Defendants' motion to dismiss. It begins: "Defendants, by and through their undersigned counsel, . . . ." It includes: "Wherefore, Defendants pray that this action be completely dismissed as to Defendant Calvin and that the § 1981 and procedural due process claims be dismissed as to the remaining Defendants." The supporting memorandum of law simply adopts Defendant Jones' earlier memoranda opposing amending the complaint. The Defendants apparently do not themselves consider their interests different. Identity of interests and virtually complete communication and mutual support could hardly be more strongly shown.

## AMENDING TO ADD A CLAIM

The first portion of Federal Rule of Civil Procedure 15(c) also governs the relation back of amendments to claims. Amendments may relate back "[w]henever the claim . . . asserted in the amending pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. . . ." *See also, Williams v. United States, supra.* As with the addition of parties, notice to the defendant and lack of prejudice are the important considerations. *Hageman v. Signal L. P. Gas, Inc.,* 486 F.2d 479 (6th Cir. 1973).

The first amended complaint, filed *pro se* by Mr. Wong, only purported to set out a cause of action under Title VII. It alleged, among other things, that Wong was subjected to unfair treatment, an unfair evaluation not based on job performance, was given an improper test with inadequate instructions, ambiguous questions, questionable scoring methods, and unqualified evaluators. The complaint also alleged the test was never given to any other person.

The second amended complaint includes all those allegations with some rewording. In addition, the complaint specifically seeks relief under Title 42, United States Code, Sections 1981, 1983, and 1988. There are few, if any, significant additional factual allegations. The latest complaint claims Wong was a career service employee, a fact fairly inferred from original allegations that Wong was a Professional Engineer II with the Department. The complaint also alleges Wong did not receive a pre-termination hearing. Comparison of these few differences between the first and second amended complaint leads me to conclude the amendment should relate back.

Additional causes of action relating to the same factual situation may be added by amendment and usually relate back. *See, e. g., Harkless v. Sweeny Independent School District of Sweeny, Texas,* 554 F.2d 1353 (5th Cir. 1977), *cert. denied,* 434 U.S. 966, 98

S.Ct. 507, 54 L.Ed.2d 452 (1977); *Hageman v. Liquid Petroleum Gas, Inc., supra.* Basically, all this amendment does is add a cause of action. The due process claims arise out of the same factual situation, Wong's discharge, as the Title VII claims. There can be no prejudice to the Defendants since preparation for defending the Title VII claim would require gathering evidence about Wong's discharge. Thus, the danger of relating back frustrating the statute of limitations' protection from lost evidence, faded memories, and missing witnesses does not exist.

The Motion to Dismiss is denied.