**Jayne Irene KOHN, Plaintiff,**

v.

**GTE NORTH, INC., Defendant.**

No. C2–88–0066.

United States District Court,
S.D. Ohio, E.D.

Dec. 5, 1990.

Jinx Statler Beachler, Columbus, Ohio, for plaintiff.

Joseph Richard Stewart, Marion, Ohio, for defendant.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the Court upon Plaintiff Jayne Irene Kohn's motion for a partial summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff asks the Court to order that she has timely commenced this employment discrimination suit and satisfied all jurisdictional prerequisites thereto. In response the Defendant, GTE North Incorporated, has filed with this Court a Memorandum Contra Motion to the Partial Summary Judgment. This case was brought through a Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (ADEA), and retaliation in violation of both Title VII and ADEA.

## FACTS

Plaintiff, Irene Kohn, was an employee of GTE in Centerville, Ohio. For 34 years she held the position of Service Facility Manager. The events and acts which resulted in this action began in August 1986. At that time plaintiff complained to G. Daniel Boone, defendant's Division Manager, that she believed she was being discriminated against. Plaintiff complained that she believed her wages had been frozen while the wages of other workers had not.

The acts and actions then taken by plaintiff and defendant are presented in chronological order as follows:

September 9, 1986—Plaintiff is informed by Mr. Boone that she is to be transferred to the Marion, Ohio facility of defendant in the new position of Operator Services Manager.

February 17, 1987—Plaintiff files her first charge with the Ohio Civil Rights Commission (OCRC) based on age/sex/retaliation # 22 A–87–4250. (exhibit A)

April 9, 1987—Plaintiff is informed by James Black, defendant's Placement Supervisor, that her new position in Marion, Ohio will be eliminated in November, 1987.

June 29, 1987—Plaintiff files her second charge with the OCRC based on age and retaliation # 22 A–87–4523. (exhibit B)

September 4, 1987—Plaintiff is informed she is being terminated as of November 20, 1987.

September 8, 1987—Plaintiff amends her June charge with the OCRC # 22 A–87–4523, based on age and retaliation. (exhibit C)

November 20, 1987—Plaintiff is terminated from her employment with defendant GTE.

December 3, 1987—Plaintiff again amends her June charge with the OCRC # 22 A–87–4523, based on age/sex/retaliation. (exhibit D)

January 19, 1988—Plaintiff commences this action by filing a Complaint.

March 3, 1988—Plaintiff receives two (2) "right to sue" notices from the Equal Employment Opportunity Commission (EEOC). (exhibits H and I)

May 4, 1988—Plaintiff amends her January Complaint to include her receipt of the "right to sue" notices from the EEOC.

The defendant answers plaintiff's May 4, 1987, amended complaint by raising three affirmative defenses:

1. Plaintiff failed to exhaust administrative remedies.

2. Plaintiff's claims are barred by applicable statutes of limitations.

3. This court lacks jurisdiction over plaintiff's sex discrimination claims because plaintiff has not received a right to sue letter.

Plaintiff has responded to defendant's three affirmative defenses by denying each as being frivolous and without substance.

It is with these facts, allegations, and dates in mind that the Court now looks to the plaintiff's motion for partial summary judgment and three affirmative defenses raised by defendant.

## STANDARD OF REVIEW

In considering this motion, the Court is mindful that the standard for summary judgment "mirrors the standard for a directed verdict under [Rule 50(a)], which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) citing *Brady v. Southern Ry. Co.,* 320 U.S. 476, 479–480, 64 S.Ct. 232, 234–235, 88 L.Ed. 239 (1943). Thus, the Supreme Court concluded in *Anderson* that a judge considering a motion for summary judgment must "ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." 477 U.S. at 252, 106 S.Ct. at 2512.

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In essence, the inquiry is whether the evidence presented a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512.

Such an inquiry necessarily implicates the evidentiary standard of proof that would apply at the trial on the merits. As a result, the Court must view the evidence presented through the prism of the substantive evidentiary burden. Rule 56(e) therefore requires that the nonmoving party go beyond the pleadings and by their own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

In *Banks v. Rockwell International N. Am. Aircraft Operations,* 666 F.Supp. 1053 (S.D.Ohio 1987) (J. Graham), this district enunciated the importance of granting summary judgments in appropriate situations by stating that: "Although summary judgment should be cautiously invoked, it

is an integral part of the Federal Rules which are designed to secure the just, speedy and inexpensive determination of every action." *citing, Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553, (quoting Fed.R.Civ.P. 1); *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

Thus, the mere existence of a scintilla of evidence in support of a plaintiff's claim is insufficient—there must be evidence upon which a jury could reasonably find for the plaintiff. Having discussed the Rule 56 standard of review, the Court now turns to the merits.

## ADMINISTRATIVE REMEDIES

■ Defendant claims plaintiff did not file her December 3, 1987 amendment with the EEOC and that as a result, this Court lacks subject matter jurisdiction with respect to the complaint filed on January 19, 1988. Further, defendant states that plaintiff's December 3rd amendment could not be filed with the EEOC until sixty (60) days after being filed with the OCRC. Defendant asserts that plaintiff failed to file her Title VII and ADEA charges separately with both the OCRC and the EEOC.

In Ohio, in order to facilitate filing requirements of 42 U.S.C. § 2000e–5(c), the OCRC and the EEOC have a cooperative agreement which provides for automatic referral of a charge filed with a state agency to the EEOC and vice versa. *See* 29 C.F.R. §§ 1601.13, 1626.7 and 1686.9. Specifically, as the charge relates to Title VII relief, 29 C.F.R. § 1601.13(b) provides:

 \*     \*     \*     \*     \*     \*

(b) *Initial presentation of a charge to a 706 Agency.* (1) When a charge is initially presented to a 706 Agency and the charging party requests that the charge be presented to the Commission, the charge will be deemed to be filed with the Commission upon expiration of 60 (or where appropriate, 120) days after a written and signed statement of facts upon which the charge is based was sent to the 706 Agency by registered mail or was otherwise received by the 706 Agency, or upon the termination of 706 Agency proceedings, or upon waiver of the 706 Agency's right to exclusively process the charge, whichever is earliest. Such filing is timely if effected within 300 days from the date of the alleged violation.

The charges filed herein requests the forwarding of the matter to the EEOC. So as seen above, the charge would have been deemed to have been filed with the EEOC 60 days after the *initial* filing with the OCRC (Emphasis Added).

Defendant correctly reads 42 U.S.C. § 2000e–5(c) which requires a waiting period of 60 days after filing with the appropriate state agency before filing with the EEOC, unless the state agency has acted prior to the end of the 60 day period. Yet, defendant misses the issue regarding the December 3, 1987 amendment. The initial charge within this matter was filed on June 29, 1987. Two amendments followed, those being September 8, 1987, and December 3, 1987, respectively. While it is true that initial charges must follow the prescribes of 29 C.F.R. § 1601.13(b) in order to follow the prerequisites of 42 U.S.C. § 2000e–5(c) amendments may be handled differently. For Example, 29 C.F.R. § 1601.12(b) specifically addresses amendments and states:

§ 1601.12 Contents of charge; amendment of charge.

 \*     \*     \*     \*     \*     \*

(b) Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. *A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein.* Such amendments and amendments alleging additional acts which constitute unlawful employment practices *related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred.* (Emphasis added).

Likewise, case law throughout various district courts and circuits provide for "relation back" of amended charges so as to be deemed truly filed. *See: Wong v. Calvin,* 87 F.R.D. 145 (N.D.Fla.1980); *Accord: Berndt v. State of Tennessee,* 796 F.2d 879 (6th Cir.1986); *Koster v. Chase Manhattan Bank,* 554 F.Supp. 285 (S.D.N.Y.1983); *Jeter v. Boswell,* 554 F.Supp. 946 (N.D.W.Va. 1983); *Seber v. Daniels Transfer Co.,* 618 F.Supp. 1311 (W.D.Pa.1985); *Pauls v. Elaine Revell, Inc.,* 571 F.Supp. 1018 (N.D. Ill.1983); *See also: Camack v. Hardee's Food Systems, Inc.,* 410 F.Supp. 469 (M.D. N.C.1976); *Cook v. Mountain States Telephone and Telegraph Co.,* 397 F.Supp. 1217 (D.Ariz.1975); *E.E.O.C. v. U.S. Fidelity & Guarantee Co.,* 414 F.Supp. 227 (D.Md.1976). Further, defendant's argument is nothing more than form over substance. Plaintiff followed the requirements of first filing an administrative action with the OCRC before filing within this Court any civil filing. The solution to solve the amendment issue, if it would be found not to "relate back," would be to await the full 60 day deferral period and then proceed with the court action. However, as enunciated above, amendments can relate back to the original filing, and in this case, a January 19, 1988, complaint is clearly 60 days past the June 29, 1987, initial OCRC charge.

Defendant also relies on *McTighe v. Mechanics Educational Society,* 772 F.2d 210, 38 F.E.P. 1477 (6th Cir.1985) and *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). The *McTighe* court strictly construed ADEA Section 626 which provides that:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Commission. Such a charge shall be filed within 180 days after the alleged unlawful practice occurred ...

The *Mohasco* Court strictly construed Section 706(c) of the Civil Rights Act which provides that:

> ... no charge may be filed with the EEOC before the expiration of 60 days after proceedings have been commenced in the appropriate state agency unless such proceedings have been earlier terminated.

In *Mohasco,* the respondent employee bypassed the state agency in New York and filed his Title VII charge with the EEOC. The alleged discriminatory act was on August 29, 1975, and the EEOC received the employee's charge of discrimination on June 15, 1976, 291 days later. The EEOC then referred this charge to the appropriate state agency. By the time the employee filed his complaint 351 days had passed thereby violating the 300 day limitation period. This plaintiff filed her Title VII complaint with this Court within the 300–day limitation period.

In *McTighe,* the alleged discriminatory act occurred on March 5, 1982, when the employee was terminated. The employee filed suit on March 30, 1983, more than 180 days after the alleged discriminatory act, and failed to file charges either with the state agency or with the EEOC. The court held that the 60 day filing requirement with the EEOC is a jurisdictional prerequisite. *McTighe,* 772 F.2d at 213, 38 F.E.P. at 1479. Yet, this plaintiff filed her ADEA charges with both the OCRC and the EEOC within 180 days of the alleged discriminatory act prompting each charge, and complied with the 60 day filing requirement by not filing her January 19, 1988, complaint until more than 60 days from June 29, 1987.

Alternatively, plaintiff cites *Gabriele v. Chrysler Corporation,* 573 F.2d 949 (6th Cir.1978), *vacated on other grounds,* 442 U.S. 908, 99 S.Ct. 2819, 61 L.Ed.2d 273 (1979). The *Gabriele* court interpreted ADEA Section 633(b), which states:

> In the cases of an alleged unlawful practice occurring in a state which has a law prohibiting discrimination in employment because of age and establishing or authorizing a state authority to grant or seek relief from such discriminatory practice, no suit may be brought under Section 626 of this title before the expiration of sixty days after proceedings have been commenced under state law ...

as not imposing as a prerequisite, a timely resort to a state agency charged with enforcement of state age discrimination laws. *Id.* at 954.

The *Gabriele* court further decided that "appropriate facts could warrant relief from the Section 626 requirements". *Eklund v. Lubrizol Corp.*, 529 F.2d 247 (6th Cir.1976); *Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir.1976). "To say that timely filing is a jurisdictional prerequisite to suit is not an accurate reading of previous Sixth Circuit cases." *Id,* See, *Hiscott v. General Electric Co.*, 521 F.2d 632 (6th Cir.1975); *Ott v. Midland–Ross Corp.*, 523 F.2d 1367 (6th Cir.1975).

■ These decisions use the term "jurisdictional" in the loose sense that Section 626(d) ADEA requirements are a condition precedent to suit in federal court and not in the strict sense that non-compliance deprives the district court of power to hear the case. *Gabriele* at 955, note 15. If the option to pursue state remedies is elected, then the state agency must be given the required 60 days to attempt to reconcile the dispute before a suit can be filed in federal court. *Id.* The plaintiff correctly points out that if a suit is filed before the expiration of the 60 day period, the district court need not dismiss the complaint but should hold the case in abeyance for the requisite period of time. *Gabriele*, at 956 quoting *Mitchell v. Mid–Continent Spring Co.*, 466 F.2d 24 (6th Cir.1972), *cert. denied*, 410 U.S. 928, 93 S.Ct. 1363, 35 L.Ed.2d 589 (1973).

Defendant's contention that plaintiff has not exhausted administrative remedies focuses on plaintiff's December 3, 1987, amended charge. Defendant further contends that the 60 day deferral period had not passed when the plaintiff filed her complaint in this court. The Court notes 29 C.F.R. § 1626.8(c) which states in whole:

> A charge may be amended to clarify or amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date

the charge was first received. A charge that has been so amended shall not again be referred to the appropriate state agency.

This section follows very closely the language so found in 29 C.F.R. § 1601.12(b) enunciated above. Plaintiff's December 3, 1987, amended charge clarifies the June 29, 1987, original charge by stating that plaintiff has now been terminated, thereby alleging an additional act which could constitute unlawful employment practices. Plaintiff's December 3, 1987, amended charge amplifies the June 29, 1987, original charge by adding the charge of sex discrimination along with the original charge of age and retaliation. The December 3, 1987, amendment clearly relates to, and grows out of, the subject matter of the original June 29, 1987, charge. The December 3rd charge does not add elements or vary from the original charge to a degree which would deny its ability to be considered an amendment.

We distinguish this case from *McTighe* and *Mohasco* for the reasons stated above and consider timely the filing of both original charge as well as the amendments. In addition, the language of 29 C.F.R. § 1626.8(c) and *Gabriele* applies to the plaintiff's December 3, 1987 amendment with which the defendant is concerned.

Therefore, defendant's first affirmative defense that plaintiff has failed to exhaust administrative remedies necessarily must fail and is therefore DENIED.

## STATUTE OF LIMITATIONS

■ Defendant continues his objection to plaintiff's December 3, 1987, amendment to her June 29, 1987, original charge, by asserting that plaintiff's December amendment is barred by the statute of limitations. Both the ADEA § 626(d) and the Civil Rights Act § 2000e–5(e) stipulate that the plaintiff in this instance must file her charges with the EEOC within 300 days of the date of the alleged unlawful employment practice. Defendant claims plaintiff's December 3, 1987, amendment to her June 29, 1987, charge was not filed with the EEOC within the 300 day time limit. This

December amended charge was filed by the plaintiff after she was told by James Black on April 9, 1987, that her new position was being eliminated.[1] This alleged discriminatory act marks the beginning of the 300 day statute since April 9, 1987, was the date of the decision which resulted in the plaintiff's termination; and which resulted in plaintiff's filing of her June 29, 1987, charge with the OCRC. *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981). The eight months from the April 9, 1987 alleged discriminatory act, to December 3, 1987, is within the 300 day statutory period.

■ This circuit has held that in appropriate circumstances Title VII (the Civil Rights Act) time limits may be tolled on equitable grounds. *Leake v. Univ. of Cincinnati*, 605 F.2d 255 (6th Cir.1979) quoting *Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (6th Cir.1972). The 300 day period provided by ADEA requirements and subsequent failure to comply with those requirements, does not deprive the District Court of the power to entertain the claim under the Act. *Wright v. State of Tennessee*, 628 F.2d 949 (6th Cir.1980). See, *Gabriele v. Chrysler Corp.; Ewald v. Great Atlantic and Pacific Tea Co.*, 620 F.2d 1183 (6th Cir.1980).

In addition, 29 C.F.R. § 1626.8(c) provides for amendments to original charges to "relate back" to the original charge, as discussed above. The date of the original charge of June 29, 1987, is within the 300 day waiting period regardless of which date preferred by the defendant, as beginning the statutory 300 day limit.

Therefore, defendant's second affirmative defense that plaintiff's claim are barred by the statute of limitation also must fail and is likewise DENIED.

---

1. This Court utilizes the notice of termination found within the OCRC charges of discrimination which were formally filed with the OCRC. To this Court's knowledge, the reference to April 9, 1987, contained therein was not refuted by

## RIGHT TO SUE

■ Defendant fully asserts that since plaintiff filed her January 19, 1988, Complaint before receipt of her right to sue notices from the EEOC, federal jurisdiction did not attach to plaintiff's January Complaint. Defendant complains that he has not received separate right to sue notices on plaintiff's two amended charges although this issue is resolved by the Court's previous discussion of the relate back provisions of the cited case law and 29 C.F.R. § 1626.8(c). The issues the defendant now raises can be resolved first by applying Federal Rule of Civil Procedure 15(c). *Boddy v. Dean*, 821 F.2d 346 (6th Cir.1987) applied the relation back doctrine of Federal Rule of Civil Procedure 15(c) in conjunction with a sexual harassment claim. The Sixth Circuit, applying Rule 15(c), held that the plaintiff's subsequent claim of reprisal related back to the plaintiff's original claim of sexual harassment, both arising out of the same "conduct, transaction or occurrence" and was thus timely filed. *Id.* at 351.

When a plaintiff files two complaints which arise out of the same facts or transaction and the defendant has notice of the plaintiff's allegations within the proscribed statutory time period, a subsequent complaint may relate back under Rule 15 to the prior one, preventing a time bar of the second complaint. *Wilburn v. Dial Corp.*, 724 F.Supp. 530 (W.D.Tenn.1989).

Applying this concept to the facts of this action, both plaintiff's Title VII and ADEA complaints arise out of the identical fact, the discharge of the plaintiff by the defendant. Thus it would appear that the plaintiff's amended complaint, filed May 4, 1988, should relate back to January 19, 1988, the date on which the plaintiff's original complaint was filed.

■ However, this plaintiff prematurely filed her first complaint before receipt of right to sue notices from the EEOC, so this

the defendant, and is more reliable and trustworthy than the conclusory, self serving affidavit of James C. Black attached to defendant's memo contra summary judgment.

**570**

court now addresses the effect of the premature filing of a Title VII and ADEA action. The weight of authority supports the concept that premature filing, prior to the later receipt of a notice of right to sue will not defeat a plaintiff's claim. *Wilburn,* at 536. Similarly, it is the entitlement of the right to sue notice rather than the actual issuance which is a prerequisite to the jurisdiction of a federal court. *Bradford v. General Telephone Co. of Michigan,* 618 F.Supp. 390 (W.D.Mich.1985). *See also, Wrighten v. Metropolitan Hospitals, Inc.,* 726 F.2d 1346 (9th Cir.1984).[2]

Therefore, this court does find that plaintiff's May 4, 1988, complaint relates back to the date of her original complaint and that plaintiff's subsequent receipt of right to sue notices cures any defect caused by plaintiff's premature filing of her Title VII and ADEA action. Defendant's motion as it relates to their third affirmative defense is DENIED.

Wherefore, upon being duly advised, Plaintiff's motion for partial summary judgment on the above procedural ground is thus GRANTED.

IT IS SO ORDERED.

---

**2.** See this Court's previous Order in *Boden v. Anaconda Minerals Co., et al.,* 757 F.Supp. 848, 852–53 (S.D.Ohio 1990).