State v. Richardson, No. S0979-03 Cncv (Katz, J., Apr. 1, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

STATE OF VERMONT

v.

RICHARDSON

ENTRY

Parties may be added through amended pleadings under V.R.C.P. 15. The grounds for a Rule 15 party addition are limited to where the claims against the new party arise out of the same incident or conduct as the original pleadings. The added party must also have "received such notice

of the institution of the action that [he] will not be prejudiced in maintaining a defense on the merits." Rule 15(c)(3)(A). This would appear to be the key issue in the present case. The second criteria is that the added party must also have actual or constructive notice that "but for" a mistake concerning party identity, he would have been a defendant from the start. Rule 15(c)(3)(B).

Rule 15 is to be interpreted liberally and can suspend the normal procedures of a civil action including: statutes of limitation, service of process, and discovery. In fact the rule was amended in 1995 just to reverse the unforgiving holding in Schiavone v. Fortune, 477 U.S. 21 (1986), which rejected an amended pleadings because it gave notice to an added defendant after the expiration of time. From the facts of the present case, the petitioner easily satisfies the element of constructive notice. Federal courts have found such notice to come from any number of sources including informal awareness of the lawsuit. Swartzwalder v. Hamilton, 56 F.R.D. 606 (D.C. Pa. 1972) (allowing amendment to name actual owner of car where he had not been named but had been at the underlying accident). Important to this conclusion are the facts of this case which include "a substantial identity of interest between the originally named and the added party, the parties having the same agents or attorneys, and the parties having the same address." Wong v. Calvin, 87 F.R.D. 145, 150 (D.C. Fla. 1980).

The more serious concern here is the threat of prejudice to the defendant from having to defend against charges halfway through a trial.

Important considerations are whether the original pleading was likely to give fair notice to the added party that a claim existed against her for the occurrence described in the

> complaint and whether the added defendant suffers any prejudice other than having to defend a lawsuit which she hoped was time barred.

Wong, 87 F.R.D. at 149–50.  Adding Bruce Richardson would not prohibit him from making an effective defense.  The videotaped inspection presented thus far shows Bruce Richardson to have been working with his wife to protect their interests from the state's enforcement efforts.  Given that the parties have a substantial identity of interest and would be offering the same defense, which the current defendant has done more than adequately, it would seem that there is room to allow the amendment under the liberal standard.  The amendment seems to be merely an acknowledgment of the parties' situation and the husband's ownership stake and control, and thus his constructive notice and interest in the outcome of this trial.

The State's motion to amend is granted.

Dated at Burlington, Vermont_____, 20_____.


_____
Judge