KESSLER, Judge,
specially concurring:
¶ 32 I concur with the reasoning and result reached by the majority on its interpretation of A.R.S. § 42-14166 (Supp. 2016). I write separately on the relation back of the amendment to the complaint in the 2013 appeal. We are bound by our supreme court’s decision in Tyman v. Hintz Concrete, Inc., 214 Ariz. 73, 148 P.3d 1146 (2006), that a legal mistake in naming a party is insufficient to have an amended complaint relate back. However, in Krupski v. Costa Corciere, S.p.A., 560 U.S. 538, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010), the United States Supreme Court changed the focus of mistake from what the plaintiff knew or should have known to what the defendant to be added knew or should have known. Given this change, our supreme court should re-examine the test for mistake under Arizona Rule of Civil Procedure (“Rule”) 15, and, if it adopts the Krwpski analysis, I would affirm the tax court’s decision on relation back because all three elements for relation back would have been met.
¶33 For an amendment to a complaint adding a new party to relate back to the filing of the original complaint, a plaintiff must show three elements: (1) that the claim in the two pleadings arose out of the same conduct, transaction, or occurrence; (2) that the party to be added had sufficient knowledge of the complaint so that it would not be prejudiced in defending its interest; and (3) that the “mistake concerning the identity of the proper party” was sufficient. Tyman, 214 Ariz. at 74-77, ¶¶ 9, 19-21, 148 P.3d 1146. The first element is not in dispute in this case. Because the majority properly focuses on the third element, the sufficiency of the mistake, I first turn to that to show how Krwpski would have the amended complaint relate back. Then, I turn to the notice requirement under the identity of interest test.
1. Mistake
¶34 In Tyman, our supreme court held that under Rule 15(c), the key issue on mistake is what the plaintiff knew at the time of the original pleading and that a mistake of law in not naming a party is insufficient for Rule 15(c) purposes. 214 Ariz. at 76, ¶¶ 19-21, 148 P.3d 1146. In doing so, the court relied primarily on federal cases interpreting Federal Rule of Civil Procedure (“Federal Rule”) 15(c). Id. This focus changed, however, when the United States Supreme Court modified the analysis to be used under Federal Rule 15(c) in Krwpski. In Krwpski, the Supreme Court held that rather than looking at what the plaintiff knew, the focus should be on whether the defendant to be added could have concluded that the plaintiff had made a deliberate choice not to sue that defendant and could obtain relief from another defendant. 560 U.S. at 548, 130 S.Ct. 2485.
¶ 35 Krupski was injured while on a cruise and wanted to submit a claim for the injury. Id. at 541-42, 130 S.Ct. 2485. Her ticket indicated that all claims had to be submitted to the carrier, Costa Corciere S.p.A. (“Corci-ere”), or its duly authorized agent. Id. at 542, 130 S.Ct. 2485. However, Krupski filed her claim with Costa Cruise Lines N.V. (“Cruise”), which her ticket indicated was the sales and marketing agent for Corciere. Id. at 542-43, 130 S.Ct. 2485. Cruise requested *349 additional information and when a settlement could not be reached, Krupski timely filed a complaint against Cruise. Id. at 543, 130 S.Ct. 2485. After the time had expired to file a complaint against Corciere, Cruise alerted Krupski of Corciere’s existence, indicating Krupski had sued the wrong entity. Id. Cruise then moved for summary judgment arguing Corciere was the proper defendant. Id. at 544, 130 S.Ct. 2485. Krupski successfully moved to amend to add Corciere, and the court denied the motion for summary judgment without prejudice. Id. Corciere, now served, moved to dismiss the complaint, contending that the amended complaint did not relate back to the original complaint under Federal Rule 15(c) and therefore was time-barred. Id. at 544-45, 130 S.Ct. 2485, The district court granted the motion to dismiss and the Court of Appeals affirmed. Id. at 545-46, 130 S.Ct. 2485.
¶ 36 The Supreme Court reversed, Id. at 546, 130 S.Ct. 2485. It explained that the Court of Appeals had erred when it relied on whether Krupski either knew or should have known of the proper party’s identity and thus determined that she made a deliberate choice instead of a mistake in not naming Corciere as a party in the original complaint, Id. at 548, 130 S.Ct. 2485. Rather, as the Court put it, the question under Federal Rule 16(c)(1)(C), which is identical to our corresponding rule, is “not whether [the plaintiff] knew or should have known the identity of [ ] Corciere as the proper defendant, but whether [ ] Corciere knew or should have known that it would have been named as a defendant but for an error.” Id. This is because the rule asks “what the prospective defendant knew or should have known during the [period required to serve], not what the plaintiff knew or should have known at the time of filing her original complaint.” Id. As such, Krupski changes the focus relied on in Tyman that the key to mistake is what the plaintiff knew about the parties to be sued at the time of the original complaint. Tyman, 214 Ariz. at 76, ¶ 19, 148 P.3d 1146.
¶ 37 In so holding, the Court in Krupski did not rule out the need for a mistake. As the Court explained, the information available to the plaintiff is relevant only if it “bears on the defendant’s understanding of whether the plaintiff made a mistake regarding the proper party’s identity.” Krupski, 560 U.S. at 548, 130 S.Ct. 2485. The Court explained that a mistake means an error, misconception, or misunderstanding, noting that a plaintiffs knowledge “of a party’s existence does not preclude her from making a mistake with respect to that party’s identity.” Id. at 549, 130 S.Ct. 2485. While the Court agreed with Corciere that a deliberate choice to sue one party instead of another with full understanding of the differences between the parties is not a mistake concerning party identity, it disagreed that any time a plaintiff is aware of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe there was no mistake and that the plaintiff simply chose not to sue it. Id. Rather, the court stated:
The reasonableness of the mistake is not itself at issue.... [A] plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status ... and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that [Federal] Rule 15(c)(l)(C)(ii) has been satisfied.
Id. at 549, 130 S.Ct. 2485 (emphasis supplied).
¶ 38 Most importantly in this new analysis, the Court explained both the public policy and the history behind the relation back rule. The rule balances the interests of a defendant protected by a statute of limitations with the policy preference to decide cases on the merits. Id. at 550, 130 S.Ct. 2485. A prospective defendant who “legitimately believed that the limitations period had passed ... has a strong interest in repose,” but repose “would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.” Id.
¶ 39 To drive this point home, the Court next explained the legislative history of the relation back rule. Prior to 1966, there had been a recurring problem with lawsuits chai- *350 lenging the administrative denial of Social Security benefits. Id; see also Fed. R. Civ. P. 15(c) advisory committee’s note to 1966 amendment. The pertinent statute required the claimant to name the Secretary of what was then the Department of Health, Education, and Welfare. Krupski, 560 U.S. at 550, 130 S.Ct. 2485. Claimants often sued the United States, the Department itself, or a nonexistent “Federal Security Administration,” only to discover their mistake after the limitations period had expired. Id. The district courts denied claimants’ motions to amend because the amended complaints would not relate back. Id. As the Court explained, the 1966 amendment to Federal Rule 15(c) was intended to solve this problem, so that claimants could qualify them mistakes under the rule regardless of the fact that they reasonably should have known the identity of the proper defendant. Id. at 550-51, 130 S.Ct. 2485.
¶ 40 Krwpski makes a fundamental shift in analysis from cases like Tyman, which look solely to the plaintiffs understanding of the identity of the parties. Under the Tyman analysis, for example, a suit brought by an unsuccessful claimant for Social Security benefits naming the wrong defendant would not relate back because the plaintiff knew or should have known what the law required in naming the proper defendant. Under the Krwpski analysis, the nature of the mistake, whether it be factual or legal, only affects whether the proper defendant would or should have known that the plaintiff deliberately chose not to sue it so it could rely on repose, rather than merely obtaining a windfall because of the plaintiffs error of who it had to sue. Under Tyman, Sundevil Power Holdings, LLC’s (“Sundevil”) legal error did not qualify as a factual mistake for purposes of relation back. Under Krwpski, however, the error would suffice as a mistake for relation back purposes because, given the nature of the complaint, Maricopa County (“County”), if it was aware of the suit, would have known that Sundevil had not deliberately chosen not to sue the County.
¶41 When Sundevil filed its complaint, it had not yet paid the tax so it only named the Arizona Department of Revenue (“Department”) in its complaint, thinking that if the assessment was changed it would not have to pay the tax. Accordingly, it asked that the Department pay Sundevil an amount equal to the amount of any excess taxes levied and assessed against it based on the Department’s incorrect valuation of the property. However, A.R.S. § 42-16208(A)(l) (2006) provides that if Sundevil’s property was valued by the Department, it had to name the Department and either the State or the County, whichever collects the tax.
¶ 42 Sundevil’s decision was less egregious than those of Social Security claimants desiring to appeal the denial of their claims who could have read the statute to determine the proper defendant and thus “reasonably should have known” who to name prior to the limitations period running. If the County knew that Sundevil had filed the 2013 appeal, it would have known that Sundevil was filing the appeal so Sundevil would not have to pay what we have determined to be the erroneous tax. In such circumstances, the County could not have assumed that Sundevil was only seeking to prove the Department was wrong on the valuation and that Sundevil would not want a refund on any erroneous tax paid. After all, Sundevil was not appealing the assessment of its property purely for the principle of proving the Department erred; Sundevil did not want to be liable for what we have determined was the erroneous tax amount.
¶ 43 Indeed, the only error here in naming parties related to when the County had to be added to the complaint. When the Department moved to dismiss the complaint because the County was not named, Sundevil arg-ued that the County did not have to be named until the tax was assessed and sought a refund. In doing so, Sundevil indicated that it had proposed to the Department that they stipulate to amend the complaint to add the County, but the Department had refused.
¶ 44 Accordingly, under Krwpski, the County could not have “legitimately believed that the limitations period had passed” so as to have “a strong interest in repose.” See 560 U.S. at 550, 130 S.Ct. 2485. Rather, repose here would be a “windfall for [the County] who understood, or who should have under *351 stood, that [it] escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about [its] identity.” Id.
2. Notice
¶ 45 If Krwpski applies for relation back purposes, we must next turn to the second element under Rule 15: whether the County, as the defendant to be added, had sufficient notice of the 2013 appeal so that it would not be prejudiced in maintaining a defense on the merits. Tyman, 214 Ariz. at 74-75, ¶ 9, 148 P.3d 1146 (quoting Rule 15(c)). In other words, did the County know, or should it have known, that Sundevil was going to try to get a refund if it paid the tax and thus would be adding the County. I conclude that notice was sufficient here under the identity of interest test.
¶ 46 Absent actual notice of the complaint, notice can be sufficient when the named defendant and the party the plaintiff seeks to add have an identity of interest. 6A Charles Alan Wright et al., Federal Practice & Procedure § 1499 (3d ed. & Supp. 2016). “Identity of interest generally means the parties are so closely related in them business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.” Id. The objective of this test is avoiding the application of the limitations period when no prejudice will result to the party to be added. Id. An identity of interest usually exists if there is a nexus between the old and new parties as to the subject of the litigation and they have analogous positions in the litigation. Farmer v. State, 788 P.2d 43, 49-50 (Alaska 1990) (citing 3 J. Moore, Moore’s Federal Practice § 15.15[4.-1] at 15-160 n.12 (2d ed. 1985)); see also Pargman v. Vickers, 208 Ariz. 573, 579, ¶ 30, 96 P.3d 571 (App.2004) (discussing the identity of interest test and noting that under Wright et al., supra, the relationship “needed to establish identity of interest for notice and knowledge ... varies depending on the underlying facts”).
¶ 47 The record is unclear whether the Department communicated with the County about the 2013 appeal before the sixty-day statute of limitations had run to add the County. During supplemental discovery, Sun-devil pointed out that it had undertaken discovery about such communications but the County had automatically deleted its emails after thirty days, and by the time the County had conducted the searches in August 2013, emails from January through May 2013 may have been destroyed. In addition, the Department had conceded that someone at the Department may have communicated with the County about the complaint.
¶48 I assume for purpose of this record that there was no formal communication from the Department to the County about the 2013 appeal before the time to name the County had run. Despite the lack of actual notice, the County knew of the 2013 appeal under the identity of interest test. See Carlson v. Hennepin County, 479 N.W.2d 50, 56 (Minn.1992) (under the identity of interest test, notice to one is notice to all); see also Williams v. Ward, 553 F.Supp. 1024, 1026 (W.D.N.Y. 1983) (constructive notice is sufficient under the identity of interest test if the person is aware of the complaint and that the party may have a claim made against it).
¶ 49 No Arizona case is sufficiently on point to conclude that notice of the appeal to the Department amounted to notice to the County when there is no evidence the County actually knew about the suit before the statute had run.[2] Turning to other jurisdictions *352 for guidance, the principle at play is whether the Department and the County had similar interests so that knowledge of one can be imputed to the other and the County would suffer no prejudice in defending its interests. Wright et al., supra ¶45. Most helpful is Wong v. Calvin, 87 F.R.D. 145 (N.D.Fla. 1980). Wong had brought an EEOC claim against the Florida Department of Highway Safety and Motor Vehicles based on his discharge by the Director, Calvin. Id. at 147. Although Wong did not name Calvin before the EEOC, the court found that Calvin had substantial identity with the department to hold that Calvin had been identified, especially because Calvin could not show any prejudice. Id. at 148-49. When Wong brought his court complaint, he again did not name Calvin, but did name Jones, who was head of the relevant bureau under Calvin. Id. at 149. Wong later moved to amend to add Calvin, which Jones opposed. Id. at 150. Later, both Calvin and Jones moved to dismiss based on the statute of limitations, and the issue became whether the amended complaint related back to the original complaint against Jones. Id. at 149. The court held the amended complaint related back because (1) there was no prejudice to Calvin other than having to defend a suit he hoped was time-barred; and (2) Calvin and Jones had an identity of interests because they were represented by the same assistant attorney general, the factual basis of the claim was the same, and the defendants had behaved as one set of interests during litigation,[3] As the court put it, the defendants “apparently [did] not themselves consider them interests different. Identity of interests and virtually complete communication and mutual support could hardly be more strongly shown.” Id. at 150; see also Williams, 553 F.Supp. at 1026 (stating identity of interest test was met when parties were represented by the same attorney); Farmer, 788 P.2d at 49-50 (same).
¶ 50 Applying these principles, the County had adequate notice of the 2013 appeal under the identity of interest test. Although the Department’s attorney never made a formal appearance for the County, all other interests of the two are the same, and both the Department and the County made the same arguments on the merits and in opposing the amendment to add the County: the Department to argue that a necessary party was missing, and the County to avoid having a refund ordered. The Department’s attorney filed and signed the pleadings for both the County and the Department on the various motions for summary judgment in the 2014 appeal. The Department opposed the motion to amend, trying to protect the County’s interests as well as its own in getting the 2013 appeal dismissed, although it argued the Department and the County did not share a “financial identity of interest.” Once the court granted the motion to amend, the County moved to dismiss the amended complaint making the same arguments the Department made against the motion to amend and to dismiss the 2013 appeal.
¶ 51 Perhaps most telling, however, is that the County never filed any separate opposition to Sundevil’s motions for summary judgment or a cross-motion for summary judg *353 ment in either the 2013 or 2014 appeals. In the 2013 appeal, the opposition to Sundevil’s motion for summary judgment and the cross-motion for summary judgment were signed only by the attorney representing the Department. Once the motion to amend was granted and the County was added, the County never filed any response to the summary judgment motion or a cross-motion for summary judgment. Nor did it file a joinder in the State’s opposition or motion. In the 2014 appeal, in which the County had been named in the complaint, only the attorney for the Department filed and signed the opposition to Sundevil’s motion for summary judgment and the cross-motion for summary judgment and did so expressly on behalf of both the Department and the County.
¶ 52 Given this record, the County and Department’s interests could not be more identical on both the motion to amend and the merits of the appeal. As the court in Wong stated, the defendants “apparently do not themselves consider their interests different. Identity of interests and virtually complete communication and mutual support could hardly be more strongly shown.” 87 F.R.D. at 150.
3. Conclusion
¶ 53 Accordingly, I conclude that if the Krupski analysis applies, the mistake here was sufficient for relation-back purposes and the County had sufficient notice of the 2013 appeal under the identity of interest test. Any other result, while required under Ty-rmn, would result in a windfall for the County and not serve the purposes under Rule 15(c).

. Thus, in Pargman, we held that the decedent’s estate had sufficient imputed notice and knowledge of the complaint against the decedent under the identity of interest test even though the personal representative had not been named until after the time for filing and service had run. 208 Ariz. at 578-79, ¶ 28, 96 P.3d 571. We reasoned that the real party in interest in those types of cases was the decedent's liability insurer, so we would look to see if the insurer had notice and knowledge. Id. at 580, ¶, 96 P.3d 571, 578 35.
In Ellman Land Corporation v. Maricopa County, the taxpayer had named and served the State and Department of Revenue, but not Maricopa County in challenging the county assessor’s valuation of its property. 180 Ariz. 331, 333, 884 P.2d 217 (App.1994). Rather, it named the county assessor and served one of the assessor’s employees. Id. When the county later moved to dismiss saying it was a necessary party, the taxpayer argued that the State was the only necessary party, but alternatively, it should be allowed to amend to add the county beyond the statutory *352 time period. Id. at 334, 884 P.2d 217. Ultimately, the tax court held the county was a necessary party, but it allowed an amendment to name the county that related back to the original complaint. Id. at 335, 884 P.2d 217. On appeal, we affirmed and held that while informal notice might not be sufficient, the county and its assessor had such an identity of interest that the county could be deemed to have notice of the suit and that it would have to defend the action. Id. at 338, 884 P.2d 217. Here, however, Sundevil did not name or serve anyone at the county in the original complaint so Ellman is not controlling. See also Pesqueira v. Pima Cty. Assessor, 133 Ariz. 255, 257, 650 P.2d 1237 (App.1982) (holding that notice was sufficient for relation back purposes when the taxpayer named the Arizona Board of Tax Appeals instead of the Department of Revenue, but served the Attorney General, who would have been the proper recipient of service if the Department of Revenue had been named since Rule 15(c) provided that notice would be sufficient if the service of process was on the correct governmental official).
Nor is Ritchie v. Grand Canyon Scenic Rides, 165 Ariz. 460, 799 P.2d 801 (1990), controlling because that case did not address any identity of interest to provide notice.

. Jones initially opposed Wong's motion to amend the complaint to include Calvin, demonstrating Calvin's interests had been protected from the outset of litigation. Id. at 150. Later, however, Jones and Calvin jointly filed a motion to dismiss that simply adopted Jones' earlier argument opposing the motion to amend. Id.