816 P.2d 272

**ELLMAN LAND CORP.**

v.

**STATE of Arizona; Arizona Department of Revenue; Maricopa County.**

No. TX 90–01222.

Tax Court of Arizona.

Aug. 22, 1991.

Mariscal, Weeks, McIntyre & Friedlander, P.A. by Brian M. Mueller, Phoenix, for plaintiffs-appellants.

Atty. Gen. by Steven R. Partridge, for defendant-appellee Phoenix, Arizona Dept. of Revenue.

Maricopa County Atty. by James D. Winter, Phoenix, for defendants-appellees Maricopa County.

## OPINION

MORONEY, Judge.

This is a property tax appeal pursuant to A.R.S. § 42-246. The Plaintiff, who is the taxpayer, sued the State of Arizona, the Arizona Department of Revenue, and Ira Friedman, the Assessor of Maricopa County.

The complaint was filed on November 1, 1990. All of the named defendants were served within ten days of filing. The subject property is located in Maricopa County.

On March 14, 1991, Maricopa County filed a Motion to Dismiss. The Motion urged dismissal on the ground that the taxpayer had neither named nor served the County. Maricopa County further argued that since the November 1 time limit for filing 1990 property tax appeals had passed, the necessary party could not now be added, and the Complaint should be dismissed.

The taxpayer responded to the Motion to Dismiss, arguing that Maricopa County was not a necessary party. Alternatively, the taxpayer sought to amend its complaint to name Maricopa County as an additional party.

The Court was thus faced with the anomalous situation of a person seeking to have a complaint dismissed who was neither named as a defendant nor served. The Court holds that Maricopa County is a necessary party to this litigation and should have been joined as a party pursuant to Rule 19(a)(1) of the Arizona Rules of Civil Procedure.

A taxpayer who seeks review of the classification or valuation of its property by the Department of Revenue or by a county assessor may proceed administratively to the State Board of Tax Appeals. A.R.S. §§ 42-145(D), 42-241.01(A), 42-245(A). If the appealing taxpayer is dissatisfied with the decision of the State Board as it concerns valuation or classification, it may appeal to the Tax Court "in the manner provided by A.R.S. § 42-177". A.R.S. § 42-176(A). If a taxpayer is unhappy with the valuation or classification of property by a county assessor, it may appeal to the Tax Court "in the manner provided in § 42-177". A.R.S. § 42-246. Therefore, if the appellant is not government, and the issue to be decided is the valuation or classification of property for tax purposes, A.R.S. § 42-177 authorizes the only procedure by which the Tax Court can acquire jurisdiction over the controversy. *See RCJ*

*Corp. v. Arizona Dep't of Revenue,* 168 Ariz. 328, 812 P.2d 1146 (Tax 1991).

A proceeding pursuant to A.R.S. § 42–177 is an appeal. *Maricopa County v. Arizona Tax Court,* 162 Ariz. 64, 70, 781 P.2d 41, 47 (App.1989). An appellant, therefore, must strictly comply with the statutes which authorize the appeal and which set forth how the appeal is to proceed. *County of Pima v. Arizona Dep't of Revenue,* 114 Ariz. 275, 560 P.2d 793 (1977). A taxpayer who seeks review of a valuation of its property for tax purposes must name and serve the proper parties. *Pesqueira v. Pima County Assessor,* 133 Ariz. 255, 257, 650 P.2d 1237, 1239 (App. 1982).

The Court agreed with the taxpayer that if the purpose of A.R.S. § 42–177(C), is to name the parties to an appeal, the statute, by itself, is something less than a paragon of precise identification. The Maricopa County Assessor was served, and failed to respond. The Assessor is the county officer responsible for the valuation from which the appeal is sought to be taken. The Court assumes the Assessor referred the complaint to his attorney, the County Attorney for Maricopa County. The Court, therefore, concluded that Maricopa County had notice of the appeal, either through its Assessor, or through its attorney. Based on the authority of *Pesqueira,* the Court denied the motion to dismiss, and granted the motion to amend. Pursuant to *Maricopa County v. Arizona Tax Court,* the Court found good cause to extend the time for service on Maricopa County beyond the 10 days provided in A.R.S. § 42–177(D).

■ This opinion is intended to identify the taxing authorities who are necessary parties to a property tax appeal, where the taxpayer is the appellant, and the issue to be decided is the valuation or classification of property so that an *ad valorem* tax can be imposed. In this opinion, the Court does not address the appropriateness of the Court's order granting leave to the taxpayer to amend its complaint.

The Court holds that there are always two, and only two, defendants when a taxpayer pursues a property tax appeal subject to A.R.S. § 42–177. The Department of Revenue is a necessary party to such an appeal. The other necessary defendant is either the county in which the property is located, or the State of Arizona. If the disputed tax was, or will be, paid to the county treasurer, the county is a necessary defendant. If the disputed tax was, or will be, paid to the Department, the State is a necessary defendant.[1]

A.R.S. § 42–177(C) states, "The clerk of the court shall docket the appeal in the name of the appellant as plaintiff and of the state or county, whichever is appropriate, and the department as defendants...." The quoted language lacks syntactic harmony with the rest of the statute. There is no discernible reason in the relevant procedure why the Clerk of the Tax Court should be specifically instructed how to docket a property tax appeal. Nor is there any language in the balance of the statute which provides a basis for deciding which defendant, state or county, is "appropriate".

The taxpayer argues that the quoted language does not require the county as a party. In this case, the taxpayer's attorney concluded that the tax against the property was ultimately received by the state. Therefore, after consulting the statute, the Taxpayer's attorney decided the state, and not the county, is the "appropriate" party. The Taxpayer's attorney used the wrong test.

The statutory language quoted above from A.R.S. § 42–177(C) is expressed in terms of an instruction to the Clerk of the Tax Court. In *Pesqueira,* the taxpayer suggested that this was the only function of the language. *Pesqueira* rejected this suggestion, and held that the language identifies the parties necessary to a tax appeal pursuant to what is now A.R.S.

---

1. The Court is aware of only two types of taxpayers who pay their property taxes directly to the Department. These are airline companies (A.R.S. § 42–705) and private car companies (A.R.S. § 42–746).

§ 42–177. 133 Ariz. at 257, 650 P.2d at 1239.

There is a bit of history here. In 1899, the Legislative Assembly of the Territory of Arizona authorized a Commission to revise the laws of the territory, eliminate therefrom that which was "crude, imperfect and contradictory", and insert such new provisions as the Commission felt necessary. The work of this Commission was enacted into law in 1901 as the Revised Statutes of Arizona Territory. R.S.Ariz. Terr.1901, *Preface.* Prior to the enactment of the Revised Statutes of 1901, a property owner had no right of appeal to the trial court from a property valuation by the taxing authority. *County of Cochise v. Copper Queen Co.,* 8 Ariz. 221, 71 P. 946 (1903).

The statutory exposition in the nature of an instruction to a docket clerk first appeared in the Revised Statutes of 1901. The Revised Statutes provided for an appeal by a property owner from the County Board of Equalization to the territorial trial court, the District Court. The appeal was commenced by paying the disputed tax and serving the statutory documentation on the County Board of Equalization. The Clerk of the Board of Equalization added a certified copy of the record of the relevant proceedings before the Board, and filed the entire package with the Clerk of the District Court. The Clerk of the Court was instructed to "docket the appeal in the name of the appellant as plaintiff, and the county as defendant...." R.S.Ariz.Terr. 1901 § 3875.

As the years passed, the designation of the Board from which the appeal was to be taken changed, and the predecessor agency to the Department of Revenue joined the county as a necessary defendant. The procedure of commencing the appeal by service on an administrator, with the ultimate forwarding of an administrative record from the board of last administrative review to the clerk of the trial court, remained in place until 1971, when the present process was enacted. A.R.S. § 42–146 (Supp.1969–70).

The statute authorizing property tax appeals from the state board was amended in both 1970 and 1971. Before the statute was amended in 1970, the State Board of Property Tax Appeals was the last administrative agency of review. An appeal from a valuation decision by the state board was commenced by serving written notice on the treasurer of the county in which the taxes were payable. The treasurer then forwarded certain required documentation to the State Board of Property Tax Appeals, which added its own record and forwarded what the statute required to the clerk of the superior court in the county where the property was located. The clerk docketed the appeal with the county and the Department of Property Valuation as defendants. A.R.S. § 42–146 (Supp.1969–70).

In 1970, the statute (A.R.S. § 42–146) authorizing property tax appeals from the highest level of administrative review was amended to provide a distinction in the procedure, depending upon which agency collected the tax for which the property was valued. As a result of this amendment, an appeal was begun by serving the notice of appeal on "the public official to whom the taxes are payable and on the department (of property valuation)".

In the 1970 amendment, the clerk of the superior court was instructed to "docket the appeal in the name of appellant as plaintiff, and of the state or county, whichever be appropriate, and the department as defendants". A.R.S. § 42–146 (Supp.1969–70).

After the 1970 amendment, the highest level of administrative review continued to be the State Board of Property Tax Appeals. The statute authorizing appeals from the State Board was A.R.S. § 42–146. A.R.S. § 42–147 concerned, among other things, the hearing in superior court, and how judgments against the taxing authority were to be paid. The procedure for taking such appeals remained essentially what it had been for 70 years. Service was made on the collector of the tax, either a county treasurer or the State Tax Commission. Service was also made on the De-

partment of Property Valuation. This set in motion steps which culminated in a delivery to the clerk of the superior court of all of the required documentation. Upon receipt of this documentation, the clerk docketed the appeal. When doing so, as instructed by the statute, the clerk identified the parties to the Superior Court action. The appellant taxpayer filed nothing in Superior Court. Except for pragmatic reasons, it was not necessary for the taxpayer to name or serve the defendant to whom it looked for payment of a judgment.

In 1971, all of that changed. A.R.S. § 42–146 was amended and A.R.S. § 42–147 was repealed. A.R.S. §§ 42–151 and 42–152 were enacted as a separate article entitled "Appeals to Superior Court". The new statutes included provisions formerly in A.R.S. §§ 42–146 and 42–147. The procedure for filing was changed. Starting in 1971, the taxpayer appellant filed its notice of appeal in Superior Court. A.R.S. § 42–151(D), now A.R.S. § 42–177(D), required the appellant to serve the "defendant or defendants ... in the manner provided for service of process in the rules of civil procedure or by certified or registered mail." A.R.S. §§ 42–146, 42–151, 42–152 (Supp. 1970–71).

After the 1971 amendment, the appellant was required to name and serve the defendants. Although it was no longer necessary for the clerk to identify the parties to the lawsuit, the language of the statute retained its form as a docketing instruction to the clerk.

The 1970 amendment was the first time that the tax appeal statute provided for alternate defendants. In 1970, after the 1970 amendment, the procedure for taking a property tax appeal from the State Board to Superior Court was set forth in two statutes, A.R.S. §§ 42–146 and 42–147. There were five facets of this scheme which are pertinent to the issue under discussion. 1) The appeal was initiated by notice to the public official to whom the taxes were payable. 2) The Superior Court was first involved when the required documentation was transmitted to its clerk by the Board of Property Tax Appeals. 3) The

clerk docketed the appeal and identified the parties to it. 4) Defendants were the Department of Property Valuation and the state or county. 5) The statute instructed that the state was to pay if the tax was collected by the Department, and the county was to pay if the tax was collected by the treasurer. Read together, the two relevant statutes set out a procedure whereby a taxpayer plaintiff could make a claim against either the state or the county, depending on which authority collected the tax and would be required to pay the judgment. A.R.S. § 42–146 (Supp.1970–71).

The amendment in 1971 repealed facets 1 and 2 and deleted the language pertaining to them from the amended law. This change in language has made the identification of the "appropriate" party more obscure than was the case before the change.

The clerk of the superior court still dockets the appeal but no longer identifies the parties to it. That duty falls to the appellant. If the legislature did not intend for the instruction to the clerk as written to have some meaning germane to a property tax appeal, it is reasonable to conclude it would have deleted the language from the revised statutes when it changed the appellate procedure in 1971.

Certainly, one purpose of the remnant statutory language was to provide a docketing instruction to the clerk of the court. Another purpose, however, was to identify the necessary defendants, where a taxpayer sought relief in Superior Court for an excessive, erroneous assessment of property taxes. A third purpose was to exclude as defendants all persons except those named in the statute.

The Court holds that the legislative intent of the language in A.R.S. § 42–177(C) remains today what it was for similar language in 1901. Where a taxpayer, pursuant to A.R.S. § 42–177, seeks to contest the valuation and classification of its property by a taxing authority, the only defendants against whom the claim can proceed are those set forth in A.R.S. § 42–177(C).

What remains is to identify those defendants. It is clear that one of them is the Department of Revenue. The other is ei-

ther the state, or the county in which the relevant property lies. As has been indicated herein, when alternate defendants were first contemplated in the amendment of 1970, the amended statute contained a clear statutory test for determining which was the "appropriate" defendant, the state or the county.

In that respect, nothing has changed. In 1986, A.R.S. §§ 42–146, 42–151, and 42–152 were renumbered as A.R.S. §§ 42–176, 42–177, and 42–178. Most of the language in § 42–146 which would have given guidance in identifying the "appropriate" defendant in 1970 was removed in 1971. That which was in A.R.S. § 42–147, however, continues in large part in § 42–178.

A.R.S. § 42–178(F) (Laws 1990, Ch. 360, § 8) provides that, "When judgment is awarded to a taxpayer who paid his taxes to the county treasurer, the judgment shall be paid by the county treasurer of the county in which the property is located...." The remainder of the statute then provides from whence the refund is to come, and the manner by which the county treasurer shall be reimbursed from the various taxing authorities to whom the tax, when paid, was distributed. A.R.S. § 42–178(G) (Laws 1990, Ch. 360, § 8) provides that "Judgment in favor of an appellant who paid his taxes to the department shall be paid from the general fund of the state." If the county is going to pay the taxpayer's refund, then the judgment should be against the county. If the state is going to pay it, the judgment should be against the state.

The Court, therefore, holds that the "appropriate" party is determined by the entity who collected the taxes. If the taxes were, or are to be, paid to the county treasurer, the county is the necessary party, without regard to how the tax monies are ultimately disbursed. If the taxes were, or are to be, collected by the Department of Revenue, then the state is the necessary party. The Department of Revenue is also a necessary party. When the taxpayer is the plaintiff, there are no other appropriate defendants. The statute requires that the State Board of Tax Appeals be served with a copy of the notice of appeal. However, the State Board is not a party defendant to a property tax appeal. It is important to note that neither the county supervisors individually, the assessor, nor the county or state treasurer need, or should, be named as parties.