884 P.2d 217

**ELLMAN LAND CORPORATION, an Arizona corporation, Plaintiff–Appellee,**

v.

**MARICOPA COUNTY, Defendant–Appellant.**

No. 1 CA–TX 91–0035.

Court of Appeals of Arizona, Division 1, Department T.

May 3, 1994.

As Corrected May 4, 1994.

Review Denied Nov. 29, 1994.

Mariscal, Weeks, McIntyre & Friedlander, P.A. by Brian M. Mueller and Gary L. Birnbaum, Phoenix, for plaintiff-appellee.

Richard M. Romley, Maricopa County Atty. by Mary Z. Chandler and James D. Winter, Deputy County Attys., Phoenix, for defendant-appellant.

FIDEL, Judge.

Maricopa County appeals from a tax court judgment reducing the aggregate full cash value of seven parcels of real property owned by taxpayer Ellman Land Corporation from $11.59 million to $5.5 million. We summarize the questions on appeal, and our answers to those questions, as follows:

(1) Is Maricopa County a necessary party? *Yes.*

(2) Did the county, by moving to dismiss for lack of personal and subject matter jurisdiction, or by joining in a pretrial statement that purported to preserve its objections, make a general appearance that waived its objections to non-joinder and non-service? *No.*

(3) Did the tax court abuse its discretion in granting the taxpayer's motion to amend its complaint to add the county as a defendant? *No.*

(4) Did the taxpayer satisfy the requirements of Ariz.R.Civ.P. 15(c) for relation back of amendments adding party defendants? *Yes.*

(5) Did the tax court abuse its discretion in finding good cause for extending the time for service on Maricopa County beyond the ten day period specified by Ariz. Rev.Stat.Ann. § 42–177(D). *No.*

(6) After issuing an order three days before trial granting the taxpayer leave to name and serve the county as a defendant, did the tax court err by proceeding to trial and judgment against the county without requiring that an amended complaint be filed and served? *Yes.*

## FACTUAL AND PROCEDURAL HISTORY

The taxpayer owns seven parcels of real property in Maricopa County that the county assessor valued in the aggregate at $11.59 million for 1990. The taxpayer commenced this action by filing a timely complaint and notice of appeal challenging the assessor's valuation. The taxpayer's complaint and notice of appeal expressly invoked Ariz.Rev. Stat.Ann. ("A.R.S.") §§ 42–177 and 42–246 (1991). Section 42–246 provides:

> Any person dissatisfied with the valuation or classification of his property as determined by the county assessor may appeal to the superior court in the manner provided in § 42–177 on or before November 1.

Section 42–177 provides in part:

> C. The clerk of the court shall docket the appeal in the name of the appellant as plaintiff *and of the state or county, whichever is appropriate,* and the department [of revenue] as defendants....

> D. A copy of the notice of appeal shall be served on the defendant or defendants and the state board of tax appeals *within ten days of filing,* in the manner provided for service of process in the rules of civil procedure or by certified mail. An affidavit showing such service shall be filed with the clerk of the court.

(emphasis added).

The taxpayer properly identified and timely served the state and Department of Revenue as defendants. But the taxpayer did not name or serve Maricopa County. Instead, it named "Ira Friedman as Assessor of Maricopa County, Arizona," and accomplished service on an employee at the assessor's office on November 6, 1990.

On January 2, 1991, the tax court notified the parties by minute entry that it would set a trial date within 120 days from the date the case was filed. On March 14, 1991, a second minute entry set trial for May 31, 1991, and directed the parties to file a joint pretrial statement no less than five days before trial. Both minute entries included the Civil Divi-

sion of the Maricopa County Attorney's Office among the addressees.

On March 13, 1991, the county moved to dismiss the taxpayer's action for lack of subject matter jurisdiction, lack of personal jurisdiction, and insufficient process. The county argued that it was a necessary party under A.R.S. § 42–177(C). It correctly pointed out that naming and serving the Maricopa County Assessor was not the equivalent of naming and serving Maricopa County.[1] The county also attached affidavits demonstrating that process had not been served on its chief executive officer, secretary, clerk, or recording officer as required by Ariz.R.Civ.P. 4(d)(8).[2]

The taxpayer argued in response that the state, not Maricopa County, was the proper defendant because the property taxes at issue were received by and for the benefit of the state. The taxpayer stated:

> Service is not an issue here. This is not a case as in *Maricopa County [v. Arizona Tax Court*, 162 Ariz. 64, 781 P.2d 41 (App. 1989),]* where the County is an intended named defendant and the issue is whether it had been properly served. Rather, in this case, the county is *not* an intended defendant and has not been served because its presence is not required.

Alternatively, if the court found the county a necessary defendant, the taxpayer asked leave to amend its complaint pursuant to Ariz.R.Civ.P. 15(c).[3] The taxpayer also asked the court to "order that such amendment relate back to the filing of the original Complaint...."

After further briefing and argument, the tax court took the matter under advisement on April 29, 1991, reaffirming the trial date of May 31, 1991. The tax court had not yet ruled on May 22, when the date arrived for the parties to file their joint pretrial statement. Footnote 1 to the pretrial statement stated:

> As the court is aware, Maricopa County has filed a Motion to Dismiss based on its absence as an original defendant in this matter, and Ellman has filed a Motion to Amend to add Maricopa County as a defendant. The court has yet to make a ruling on either of these two pleadings. Maricopa County participates in this Joint Pretrial Statement only to the extent that it may be included as a party in the event the court grants Ellman's Motion to Amend. Maricopa County specifically reserves, and expressly does not waive, any matters contained in its Motion to Dismiss regardless of its participation here.

---

1. A county is a political subdivision of the state. Ariz. Const. art. XII, § 1; A.R.S. § 11–101 (1990). A county assessor is an elected county official with powers and duties prescribed by law, A.R.S. §§ 11–541 and 11–542. Each county assessor is deemed a deputy director of the Department of Revenue for the purpose of valuing property within the county for state property tax purposes. A.R.S. § 42–221(A).

2. Rule 4(d) provides in part:

   The summons and pleading being served shall be served together.... Service shall be made as follows:
   
   \*    \*    \*    \*    \*    \*
   
   7. Upon the state, by delivering a copy of the summons and of the complaint to the attorney general.
   
   8. Upon a county or a municipal corporation or other governmental subdivision of the state subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer, the secretary, clerk, or recording officer thereof.
   
   Rule 4(d) was superseded by Rule 4.1(b) on July 1, 1991. No material changes were made to the language relevant to this case.

3. Rule 15(c) provides:

   **Relation back of amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates backs if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. Service of process in compliance with Rules 4(d)(7) or (8) satisfies the requirement of clauses (1) and (2) hereof with respect to the state, county, municipal corporation or any agency or officer thereof to be brought into the action as a defendant. Rule 15(c) was amended effective December 1, 1991. No material changes were made.

On May 28, 1991, the tax court denied the county's motion to dismiss, granted the taxpayer's motion to amend to add the county as a defendant, and reconfirmed the trial date of May 31, 1991. On the morning of trial, the county attorney notified the trial court that the county would not appear:

> Since Maricopa County has never been named by the Plaintiff in this action (although a Motion for Leave to Add Maricopa County was granted) and since Maricopa County has not been served at this point in time, the Court does not have jurisdiction over Maricopa County.
>
> Since Maricopa County is not before the court, Maricopa County will not appear in the trial of this action set for 10:00 a.m. on this date.

At trial, a judge pro tempore acting for the tax court found that Maricopa County was a party and had voluntarily chosen not to appear. The court went on to hear the taxpayer's evidence, find the assessor's valuation excessive, and set the full cash value of the taxpayer's parcels at an aggregate $5.5 million. After the tax court entered formal judgment in accordance with this ruling, Maricopa County timely appealed.

■ The tax court thereafter filed a written opinion pursuant to A.R.S. § 12–171 (1992). *Ellman Land Corp. v. State*, 169 Ariz. 13, 816 P.2d 272 (Tax Ct.1991). The opinion held that Maricopa County was a necessary party and should have been joined as a party pursuant to Ariz.R.Civ.P. 19(a)(1). In summarizing its prior order granting the taxpayer leave to amend its complaint, the tax court stated:

> The Maricopa County Assessor was served, and failed to respond. The Assessor is the county officer responsible for the valuation from which the appeal is sought to be taken. The Court assumes the Assessor referred the complaint to his attor-

ney, the County Attorney for Maricopa County. The Court, therefore, concluded that Maricopa County had notice of the appeal, either through its Assessor, or through its attorney. Based on the authority of *Pesqueira*, the Court denied the motion to dismiss, and granted the motion to amend. Pursuant to *Maricopa County v. Arizona Tax Court*, the Court found good cause to extend the time for service on Maricopa County beyond the 10 days provided in A.R.S. § 42–177(D).

169 Ariz. at 15, 816 P.2d at 274.[4]

## DISCUSSION

### 1. Maricopa County's Standing to Appeal

■ Only a party aggrieved by a judgment may appeal. Ariz.R.Civ.App.P. 1. In its answering brief the taxpayer asserts that Maricopa County was not aggrieved by the judgment because the taxpayer's refund will ultimately come not from the county but from the state treasury. The taxpayer cites A.R.S. § 42–178(E)[5] to support this proposition. The taxpayer is mistaken.

Real property taxes are levied and assessed by counties only in part on behalf of the state. *Bromley Group, Ltd. v. Arizona Dep't of Revenue*, 170 Ariz. 532, 540, 826 P.2d 1158, 1166 (App.1991). The county receives a share of those taxes. *Id.; see* A.R.S. § 42–341 to 354. When a taxpayer is awarded a refund of taxes overpaid to the county treasurer, A.R.S. § 42–178(E) requires the county treasurer to pay the refund and requires the state to reimburse the county only for the *portion* of the overpaid taxes that the state received. Maricopa County was accordingly aggrieved by the tax court's judgment and has standing to pursue this appeal.

---

**4.** Before briefing, the parties filed a stipulation in this court requesting that we vacate the tax court's published opinion and remand for entry of a stipulated judgment of dismissal. By order of December 16, 1991, this court declined to enter the stipulated order, concluding that it should not, upon stipulation of the parties, vacate a published opinion of the tax court without fully considering the merits on appeal. *See, e.g., In re*

*Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299, 1300 (7th Cir.1988) ("[A]n opinion is a public act of the government, which may not be expunged by private agreement."); *Accord Oklahoma Radio Assocs. v. F.D.I.C.*, 3 F.3d 1436, 1444 (10th Cir.1993).

**5.** Currently section 42–178(F).

## 2. Maricopa County's Status as Necessary Party

■ The taxpayer originally contended that the state, not Maricopa County, was the proper co-defendant of the Department of Revenue under A.R.S. § 42–177(C). The taxpayer has abandoned that position on appeal. Instead it argues that, if naming the state and not the county was mistaken, it was a reasonable mistake that the tax court had discretion to permit the taxpayer to correct by amending the complaint.

The tax court correctly reasoned that A.R.S. § 42–177(C) requires joining Maricopa County in this case because the taxes were paid to the county treasurer, who must pay back any refund proven to be owed. As the tax court succinctly stated:

> If the county is going to pay the taxpayer's refund, then the judgment should be against the county. If the state is going to pay it, the judgment should be against the state.

*Ellman,* 169 Ariz. at 18, 816 P.2d at 277. We adopt the tax court's conclusion that the county is a necessary party.

## 3. Did Maricopa County Voluntarily Appear?

■ For a judgment to be binding, all necessary parties must be served with valid process or voluntarily appear. Before taking up the questions whether Maricopa County was or can be served with valid process, we reject the argument that it voluntarily appeared.

We said of voluntary appearance in *National Homes Corp. v. Totem Mobile Home Sales, Inc.:*

> [T]he Rules of Civil Procedure do not address ... what action or inaction in the litigation itself may subject a party to jurisdiction ... even in the face of a defect in process. To answer this problem, we must inquire whether a party, by its actions in the conduct of the litigation, has manifested an intent to be subject to the jurisdiction of the court, even though it has raised jurisdictional defects. The general principle is stated in *Austin v. State ex rel. Herman,* [10 Ariz.App. 474, 477, 459 P.2d 753, 756 (1969) ]:

> [A]n appearance is always a matter of intention and is not to be inferred, except as a result of acts from which an intent may be properly inferred. [citations omitted.] Broadly stated, any action on the part of defendant, except to object to the jurisdiction over his person, which recognizes the case as in court, will constitute a general appearance.

140 Ariz. 434, 437, 682 P.2d 439, 442 (App. 1984); *see also Montano v. Scottsdale Baptist Hosp., Inc.,* 119 Ariz. 448, 452, 581 P.2d 682, 686 (1978) (filing of answer without having been served with process constituted voluntary appearance); *Carlton v. Emhardt,* 138 Ariz. 353, 355, 674 P.2d 907, 909 (App. 1983) (participating in joint pretrial statement without mentioning defense of insufficient service of process constituted voluntary appearance, though defense had earlier been pleaded in answer).

The taxpayer contends that Maricopa County voluntarily appeared as a defendant before the tax court by filing its motion to dismiss and by participating in and executing the joint pretrial statement. We disagree. In its motion to dismiss, the county argued 1) that the taxpayer's failure to join the county deprived the tax court of subject matter jurisdiction; and 2) that the county was a necessary defendant over which the tax court lacked personal jurisdiction. At the time of the joint pretrial statement, the county remained identified in the court's minute entries as a party, was faced with an imminent trial date, and still awaited the court's ruling on its motion to dismiss and the taxpayer's motion to amend. Though it participated in the pretrial statement, as the court had ordered all those listed as parties to do, the county expressly preserved its earlier arguments, stating that it participated only "to the extent that it may be included as a party in the event the Court grants Ellman's Motion to Amend." In neither its motion to dismiss nor the pretrial statement did the county abandon the position that it was not, and could not be made, a party; thus, in neither did the county voluntarily appear.

## 4. Amendment, Relation–Back, and Timely Notice

■ The tax court granted the taxpayer's motion for "leave to amend the Complaint to

add the County as a defendant." Because it did so after the taxpayer's November 1, 1990, filing deadline, the amendment was permissible only if the relation-back criteria of Ariz. R.Civ.P. 15(c) were met.

Under Rule 15(c), an amendment that adds a new defendant relates back to commencement only if the claim arose from the same conduct, transaction, or occurrence set forth in the original pleading. Additionally, the amending party must establish that, within the commencement period provided by law, the new defendant "(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Ariz.R.Civ.P. 15(c). The trial court found that all the rule's requirements had been met. In its appeal, the county does not assert that it was unaware of the taxpayer's mistake. Nor does it assert that it was prejudiced in defending the action by the timing of the notice that it ultimately received.[6] The county challenges the tax court's 15(c) finding only on the narrow ground that it lacked notice within the commencement period provided by law.

In *Ritchie v. Grand Canyon Scenic Rides,* our supreme court construed the applicable notice period for 15(c) purposes as "the applicable statute of limitations plus the time allowed for service of process." 165 Ariz. 460, 467, 799 P.2d 801, 808 (1990). Because the rules permit a trial court, under certain circumstances, to expand the time allowed for service of process, Ariz.R.Civ.P. 6(b), the question arises whether a trial court might thereby retroactively expand the notice period defined by *Ritchie.* We need not decide that question, however. Rather, we may assume for purposes of discussion that the trial

court could not do so and that the applicable notice period expired on November 11, 1990.[7]

Our supreme court has defined 15(c) "notice" as "notice that the action has been filed." *Ritchie,* 165 Ariz. at 465, 799 P.2d at 806. The issue, therefore, is whether the county had such notice prior to November 11, 1990.

The trial court mailed its first minute entry to the county attorney, erroneously listing the county as a defendant, on January 2, 1991. This minute entry, however, did not fall within the combined commencement and service period. Thus, absent earlier actual or imputed notice, the court's minute entry did not alone suffice to qualify for relation back under Rule 15(c).

The county assessor, however, was served on November 6, 1990. The tax court, observing that the assessor "is the county officer responsible for the valuation from which the appeal is sought to be taken," concluded that timely service on the county assessor, though not the equivalent of naming and serving the county, sufficed to give the county *notice* of service on a mistaken party, and therefore constituted sufficient notice to permit an amendment to relate back under Rule 15(c). *Ellman,* 169 Ariz. at 15, 816 P.2d at 274. The validity of that finding. is the central issue of this appeal.

The trial court looked for precedent to *Pesqueira v. Pima County Assessor,* 133 Ariz. 255, 650 P.2d 1237 (App.1982). That case, like this, involved the misnaming of an essential governmental party to a tax appeal. The taxpayer named "the Arizona State Board of Tax Appeals (Division I of the Department of Revenue)" when it should have named the Department of Revenue, a statutorily distinct entity. *See* A.R.S. § 42–171(A) (establishing the Board of Tax Appeals as an independent agency not subject to supervision or control by the Department

---

6. Nor did the county claim prejudice before the tax court. Indeed, in its joint pretrial statement, the county stated that, *if* included as a party, it did not intend to call witnesses or dispute any facts or law. The county did not suggest in the pretrial statement, and has not argued on appeal, that this passivity on the merits was a product of insufficient preparation time.

7. A.R.S. § 42–246 provides that any person dissatisfied with the county assessor's valuation of his property "may appeal to the superior court in the manner provided in § 42–177 on or before November 1." Section 42–177 in turn provides ten days for service on the appropriate defendants.

of Revenue). The taxpayer made timely service, however, on the attorney general, who would have been the proper recipient of service had the Department of Revenue been correctly named. The taxpayer was later permitted to amend the complaint to name the proper defendant, and the court of appeals ruled that the trial court correctly permitted the amendment to relate back under Rule 15(c). *Pesqueira*, 133 Ariz. at 257, 650 P.2d at 1239.

The county points out that service on the proper recipient distinguishes *Pesqueira* from this case. There the taxpayer could take advantage of the last sentence of Rule 15(c):

> Service of process in compliance with Rules 4(d)(7) or (8) satisfies the requirement of clauses (1) and (2) hereof with respect to the state, county, municipal corporation or any agency or officer thereof to be brought into the action as a defendant.

Here, because the taxpayer did not deliver the pleading to "the chief executive officer, the secretary, clerk, or recording officer" of the county—the designated recipients of process in Rule 4(d)(8)—the taxpayer could not take advantage of this automatic imputed notice feature of Rule 15(c).

That does not end our inquiry, however. Nothing in Rule 15(c) limits a finding of sufficient notice in government-defendant cases to only those cases that satisfy the *automatic* notice requirements of the last sentence of the rule. The question remains whether the tax court had reason to find, even in the absence of service on the statutorily designated recipient of service, that the county had notice within the commencement period provided by law.

It is material to our inquiry, as it was material to the tax court, that the taxpayer served the county assessor, who in the context of this case was not merely a random county official or employee. With regard to valuation appeals, the county and the county assessor share an identity of interest. Had the taxpayer served the sheriff, for example, or the clerk of court, or some other official unrelated to the subject of the action, such service would not suffice to impute notice to the county. Here, however, as the tax court observed, the assessor was the very officer whose decision was the subject of the complaint. Further, this was not the kind of lawsuit that might trickle in at any time throughout the year. Rather, because the complaint was filed on the statutory deadline, because it was served on the assessor within the very narrow period statutorily permitted for challenging the assessor's determinations,[8] because it was identified on its face as a "COMPLAINT AND NOTICE OF APPEAL OF VALUATION OF REAL ESTATE TAXES PER A.R.S. § 42–201 *et seq.*," and because of the assessor's specialized knowledge of the process for properly handling tax appeals, the assessor had particular reason to appreciate the complaint's significance and to relay it to the proper county official for handling and preparation of a defense. Under these particular circumstances of identity of interest,[9] we conclude that the tax court correctly construed notice to the assessor as sufficient to put the proper authorities within the county on notice that they had a tax appeal to defend.

We recognize, in drawing this conclusion, that our supreme court rejected the argument in *Ritchie* that a defendant's informal

---

8. See *supra* note 7.

9. Other courts have recognized in a variety of circumstances that timely service on an original defendant may provide timely, imputed, or constructive notice on a new defendant. *E.g., Berndt v. State of Tennessee*, 796 F.2d 879, 884 (6th Cir.1986); *Kirk v. Cronvich*, 629 F.2d 404, 407–08 (5th Cir.1980); *Carlson v. Hennepin County*, 479 N.W.2d 50, 56 (Minn.1992); *Farmer v. State*, 788 P.2d 43, 49 (Alaska 1990). Such courts have been particularly amenable to imputing notice where the new and original defendants share an identity of interest. *E.g., Cronvich*, 629 F.2d at 407–08 (finding identity of interest between new and original defendants). An identity of interest exists where

> the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.

6A Charles A. Wright et al., Federal Practice and Procedure § 1499, at 146 (1990). Timely notice may also be imputed when the new and original defendants share the same attorney. *E.g., Williams v. Ward*, 553 F.Supp. 1024, 1026 (W.D.N.Y.1983).

awareness of a claim might suffice to meet the notice requirements of Rule 15(c). *Ritchie,* 165 Ariz. at 465, 799 P.2d at 806. But we do not rest our conclusion on attribution to the county of informal awareness of a claim. Rather, we determine that, in a lawsuit of this nature, the county and its assessor had such identity of interest as to permit the tax court to conclude that the county received actual notice "that the action ha[d] been filed." *Id.* We further emphasize that we do not hold that service of process on the county assessor, or on any other county officer not designated to receive service in Rule 4(d)(8), satisfies the requirement of *service* on the county. Our analysis is limited to the *notice* requirements of Rule 15(c), and we hold that on the facts before us, these requirements were sufficiently met to permit the trial court to allow an amended complaint naming the county to relate back to the date the original complaint was served.

### 5. Good Cause for Extending Time for Service of Process

Having affirmed the tax court's conclusion that the county could be properly added as a defendant, our next step is to examine the tax court's further finding of good cause to extend the time for service on Maricopa County beyond the ten days provided in A.R.S. § 42–177(D).[10] The tax court based this finding on a determination that the taxpayer's mistaken naming and service of the county assessor, rather than the county, constituted excusable neglect. See Ariz.R.Civ.P. 6(b).

■ The usually articulated test of excusable neglect by a lawyer is whether the ne-

glect might befall a reasonably prudent lawyer under similar circumstances. *Daou v. Harris,* 139 Ariz. 353, 359, 678 P.2d 934, 940 (1984); *Walker v. Kendig,* 107 Ariz. 510, 512, 489 P.2d 849, 851 (1971); *Coconino Pulp and Paper Co. v. Marvin,* 83 Ariz. 117, 120, 317 P.2d 550, 552 (1957); *Liberty Mut. Ins. Co. v. Rapton,* 140 Ariz. 60, 63, 680 P.2d 196, 199 (App.1984). This test is unsatisfactory, however, because it gives no guidance concerning the kinds of mistakes that a reasonably prudent lawyer might be expected occasionally— and excusably—to make. Rather, it begs that essential question, which the courts have gone on to resolve, not always consistently, case-by-case.

■ This court has previously considered whether an error in serving a tax appeal might constitute "excusable neglect" for the purpose of extending the time for service under A.R.S. § 42–177. *Maricopa County v. Arizona Tax Court,* 162 Ariz. 64, 70, 781 P.2d 41, 47 (App.1989). There the taxpayers named but incorrectly served the county, mailing copies of the summons and complaint to the county attorney instead of to the clerk of the board of supervisors. On special action from the tax court's denial of the county's motion to dismiss, we held that the tax court had wrongly approved service on the county attorney as proper service, but we also declined to grant relief. We stated:

[T]he ten day service requirement of A.R.S. § 42–177(D) can be analogized to the requirement that a plaintiff in a civil action serve the defendant with process within one year from the filing of the complaint. Accordingly, by analogy to

---

10. Recent amendments to the Federal Rules of Civil Procedure require that a party be given a reasonable opportunity to complete service of process on a newly added government defendant. The advisory note to the rule explains that it saves the plaintiff from the hazard of losing a substantive right because of failure to comply with the complex requirements of multiple service.... [The rule requiring reasonable time for serving process] should be read in connection with the provisions of subdivision (c) of Rule 15 to preclude the loss of substantive rights against the United States ... or officers resulting from a plaintiff's failure to correctly identify and serve all the persons who should be named or served.

Fed.R.Civ.P. 4(i)(3) advisory committee's note, 1993 amendment; *see also* Fed.R.Civ.P. 15(c)(3) advisory committee's note, 1991 amendment.

The Arizona Rules of Civil Procedure, unlike the federal rule, do not yet explicitly instruct the trial courts to enlarge the time of service in conjunction with rule 15(c). (We commend to the State Bar of Arizona's Civil Practice and Procedure Committee a study of the desirability of recommending a conforming amendment to our supreme court.) In this case, therefore, we examine the trial court's finding that Ellman satisfied the more onerous burden under rule 6(b) of establishing that its failure to timely serve the county was due to excusable neglect.

Rule 6(f), Arizona Rules of Civil Procedure, a notice of appeal untimely served under A.R.S. § 42–177 would abate the appeal. Similarly, by analogy to Rule 6(b), the court could grant an extension of time in which the plaintiff could accomplish proper service upon a showing of good cause. Where the plaintiff's failure to accomplish proper service was the result of excusable neglect, the court could grant such an extension even after the expiration of the ten-day period.

After Maricopa County moved to dismiss these appeals, Allred and Forty North immediately served copies of their notices of appeal on the clerk of the Maricopa County Board of Supervisors. They then filed responses to the motions to dismiss in which they urged that any technical violation of A.R.S. § 42–177(D) had been corrected by serving the board directly. *Given the uncertain state of the law when these actions were commenced, the error of counsel for Allred and Forty North constituted excusable neglect, and good cause existed for extending the time within which appropriate service pursuant to A.R.S. § 42–177(D) could be accomplished.* Accordingly, we decline to grant relief from the tax court's orders denying Maricopa County's motions to dismiss.

162 Ariz. at 70, 781 P.2d at 47 (citations omitted) (emphasis added).

In this case, the tax court applied our holding in *Maricopa County* that the "uncertain state of the law" might constitute good cause to justify extending time for service. The tax court attributed this taxpayer's error in naming and serving the proper parties to similar uncertainty in the law, describing A.R.S. § 42–177(C) as "something less than a paragon of precise identification." *Ellman,* 169 Ariz. at 15, 816 P.2d at 274. Indeed, the tax court published its opinion expressly to clarify the confusing requirements of service in taxpayer appeals. *Id.*

In reviewing the tax court's finding, we observe that our decision in *Maricopa County,* which the tax court relied on, is unusual in permitting legal error—the misreading of a statute—to qualify as excusable neglect. That finding is ordinarily reserved for factual

or clerical errors, not misconstructions of the law.

Our supreme court has recognized that lawyers, like others, make mistakes:

> Counsel did make a mistake, but so do we all. The purpose of the rule [Ariz.R.Civ.P. 60(c)] is to provide relief for those mistakes and errors which inevitably occur despite diligent efforts to comply with the rules.

*City of Phoenix v. Geyler,* 144 Ariz. 323, 332, 697 P.2d 1073, 1082 (1985). In *Geyler,* the court found excusable neglect in a lawyer's misreading of the date on a minute entry, describing it as "the type of *clerical error* which might be made by a reasonably prudent person who attempted to handle the matter in a prompt and diligent fashion." *Id.* (emphasis added). Arizona courts have been predominantly unforgiving, however, when confronted with a lawyer's *legal error* in reading the statutes and the case law. *E.g., Daou,* 139 Ariz. at 359, 678 P.2d at 940 (defendant's erroneous belief that because action was not referred to a medical liability review panel, he did not have to answer, not excusable neglect); *General Elec. Capital Corp. v. Osterkamp,* 172 Ariz. 185, 190, 836 P.2d 398, 403 (App.1992) (counsel's erroneous belief that no judgment could be taken if an answer was filed before a motion for default judgment not legally excusable); *M & M Auto Storage Pool v. Chemical Waste Management, Inc.,* 164 Ariz. 139, 142, 791 P.2d 665, 668 (App.1990) (counsel's view that dismissal of motions for summary judgment constituted final resolution not legally excusable).

In *Maricopa County,* however, we demonstrated that our general unwillingness to construe legal error as excusable neglect does not amount to a categorical proscription. Instead, we recognized by way of exception that the law, when particularly muddled and confusing, must accept a degree of reparable lawyer error. This recognition not only suits the reality of law and legal practice; it also fits the remedial purpose of Rule 15(c), which must be liberally construed in the interests of justice. *See* Ariz.R.Civ.P. 15(a)(1); Ariz.R.Civ.P. 1.

The final question then is whether in this case the tax court abused its discretion in finding the law so uncertain as to excuse the taxpayer's initial identification of the state and county assessor, and omission of the county, as proper parties. We give considerable deference to the tax court's finding on this issue. Because it is immersed in tax cases, it has far greater appreciation than we of the general level of confusion among practitioners on the procedural requirements of tax appeals. From our own review of the applicable rules and statutes, moreover, we believe the tax court may even have overstated their clarity in calling them "something less than a paragon of precise identification." *Ellman,* 169 Ariz. at 15, 816 P.2d at 274.

To take several examples, section 42–177(C) states that "[t]he clerk of the court shall docket the appeal in the name of the appellant as plaintiff and of the state or county, whichever is appropriate, and the department [of revenue] as defendants...." Thus oddly the statute mandates how the clerk must docket the appeal but does not state directly whom the appellant must name as defendants. Further, the statute provides no guidance on the question whether the state or county is the appropriate entity. Though earlier in this opinion we adopted the tax court's guide to resolving that question, we also recognized that the tax court had published its opinion to bring clarity to an issue no prior opinion had addressed. A third confusing element is the statute's treatment of the department of revenue and board of tax appeals. Section C requires inclusion of the department as a defendant even when the state is a party; section D requires service of a copy of the notice of appeal on the state board of tax appeals, though the board is not listed in section C as a necessary defendant, and though such service does not satisfy the requirement of service on any obligatory defendant. A fourth confusing element is introduced by the rules of procedure concerning service, which are incorporated by reference in section 42–177(D). Although the county assessor may be a logical recipient of service for the county in tax matters, and though the county attorney may be a logical recipient in any matter

of litigation, these county officials are not included among the permissible recipients of service. *See Maricopa County,* 162 Ariz. at 68–69, 781 P.2d at 45–46. Instead, service is required on the clerk of the county board.

If this were not enough, one last stir to the stew of confusion is supplied by the compressed time frame of the statute. A taxpayer has until November 1 to appeal from a challenged valuation, whenever the valuation is received, and has ten days from filing to serve the right parties, via the right agents. We do not criticize these time requirements. We recognize the dual need of tax authorities and taxpayers to settle tax responsibilities rapidly. *See Department of Revenue v. Navopache Elec.,* 151 Ariz. 318, 320, 727 P.2d 813, 815 (App.1986). Where lawsuits must move so swiftly, however, the necessary parties and procedures for service should be particularly well defined. Such clarity is lacking here. Indeed, it would have required imagination to construct a more confusing scheme had the drafters tried deliberately to raise the odds that taxpayers would forfeit their appeals through procedural miscues.

We conclude in short that the tax court acted within its discretion in applying the *Maricopa County* exception in this case and in construing the statutory misreading by taxpayer's counsel as excusable neglect. Consequently, the tax court, having authorized the filing and relation back of an amended complaint naming the county as a necessary party, had further authority to provide a period for service of the amended complaint, though the ten day period for service of the original complaint had long expired.

### 6. But the Amended Complaint Was Neither Filed Nor Served

■ Our reasoning to this point would lead us to affirm had the tax court delayed the trial to give the taxpayer a short period of time from the date of its order within which to file and properly serve an amended complaint naming the county as a defendant. Instead, however, the tax court proceeded to trial and judgment against the county three days after denying the county's motion to dismiss without requiring the taxpayer to file

or serve an amended complaint, and despite the county's objection that it had not yet been named or served.

We have given our reasons above for concluding that the county's unsuccessful pursuit of a motion to dismiss before the trial court did not constitute a voluntary appearance that obviated the need for the filing and service of a proper complaint. Consequently, because the county was not served and did not voluntarily appear, the trial court did not acquire the personal jurisdiction that would allow it to proceed to trial and judgment against the county. *Koven v. Saberdyne Systems, Inc.,* 128 Ariz. 318, 321, 625 P.2d 907, 910 (App.1980).

## CONCLUSION

For the foregoing reasons, we affirm the tax court's denial of the county's motion to dismiss. We also affirm the tax court's determination that the taxpayer should be permitted to file and serve an amended complaint naming the county as a defendant, the complaint to relate back for purposes of the statute of limitations to the date of the filing of the original complaint. We set aside the tax court's judgment, however, and remand with directions to provide a reasonable period for filing and service of an amended complaint, followed by the grant of a new trial.

TOCI, P.J., and CLABORNE, J., concur.