NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

WILLIAM F. ROUSH, a single man,
*Plaintiff/Appellant*,

v.

A. NEAL GREGORY, M.D., MPH and JOE DOE GREGORY, husband and
wife; BRENT D. SLOTEN, D.O. and JANE DOE SLOTEN, husband and
wife; ALLURE DERMATOLOGY,
*Defendants/Appellees*.

No. 1 CA-CV 14-0691
FILED 4-12-2016

---

Appeal from the Superior Court in Maricopa County
No. CV 2013-012317
The Honorable David O. Cunanan, Judge

**AFFIRMED**

---

COUNSEL

William F. Roush, Florence
*Plaintiff/Appellant*

Sanders & Parks, PC, Phoenix
By J. Arthur Eaves and Robin E. Burgess
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kenton D. Jones joined.

---

**O R O Z C O**, Judge:

¶1         William F. Roush (Appellant) appeals the trial court's order dismissing his case for failure to properly serve A. Neal Gregory, Brent D. Sloten and their spouses along with Allure Dermatology (collectively Defendants).  For the following reasons, we affirm.

**FACTS AND BACKGROUND**

¶2         Appellant filed a complaint against Defendants in September 2013.  Appellant sent a notice of lawsuit and request for waiver of service to Gregory and Sloten only, mailed to the office of Allure Dermatology. Neither Gregory nor Sloten agreed to waive service of the summons and complaint.  On December 13, 2013, a Maricopa County Deputy Sheriff executed an affidavit of service, which stated that the summons had been delivered to Amanda Rutledge, who was "authorized to accept service" for Sloten at the business address of Allure Dermatology.  Appellant filed a motion to extend time for service to serve Gregory.  The trial court granted Appellant's request, extending the time to serve "all defendants" until March 31, 2014.

¶3         On January 14, 2014, Appellant submitted an application for entry of default against Sloten, on the basis that Sloten had not timely responded to the complaint. On January 24, Defendants' attorney (J. Arthur Eaves) entered a limited appearance for purposes of moving to dismiss for lack of proper service on behalf of Sloten and Allure Dermatology, contending that Rutledge was an administrative assistant, not authorized to accept service "on behalf of Dr. Sloten, or any other Defendant."

¶4         Appellant then filed an affidavit of service as to Gregory, attaching a copy of a page from the Arizona Business Gazette as evidence of service by publication on March 13.  According to Appellant, service by publication for Gregory was appropriate because the "residence of defendant to be served is not known" and Gregory was out of state.

Appellant had also attempted to serve Gregory via Eaves, in his capacity as Gregory's attorney.

¶5 The court heard arguments on Sloten and Allure Dermatology's motion to dismiss on April 4, 2014. The court determined that Sloten and Allure Dermatology had not been properly served, explaining that Appellant needed to "serve him personally or someone that he has authorized to accept service on his behalf." Appellant was given an additional sixty days, or until June 3, 2014, to properly serve Defendants. Appellant filed a motion to reconsider the decision, arguing that "[t]he court took it upon itself to prejudice [Appellant] by extending service of process" and he "oppos[ed] and object[ed] to such [a] prejudicial ruling on the basis [that] the judge['s] actions contribute to factual error knowing defendant's [sic] clearly in default as pointed out to the court at the hearing."

¶6 Appellant made no additional attempts to serve any defendant. On June 12, 2014, Defendants moved to dismiss pursuant to Rule 41(b), Arizona Rules of Civil Procedure. Appellant responded, arguing that his service through Rutledge and via publication was proper and that he was entitled to judgment as a matter of law.

¶7 The trial court heard oral argument on Defendants' motion to dismiss pursuant to Rule 41(b) on August 15, 2014. At the hearing, the trial court reminded Appellant that it had already determined that the December 10, 2013 attempt to serve any defendant through Rutledge had been ineffective. The court further concluded that service by publication was only appropriate when there is a "belief or a knowledge or the position that the residence is unknown," and because Appellant had not made such a showing, service by publication was not proper, and granted Defendants' motion to dismiss.

¶8 On January 20, 2015 the trial court entered a final appealable order dismissing Appellant's case with prejudice. Appellant timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1 and -2101.A.1 (West 2016).[1]

---

[1] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

**DISCUSSION**

**¶9**        Appellant first argues that he was prejudiced because of "exparte communication" between counsel for Defendants and the trial court, but cites no evidence of such communication.  Appellant also argues that the trial court's extension of time for service after the April 4, 2014, hearing was a "bias[ed], highly prejudicial, unreasonable determination of the law, especially when neither party requested an extension."  Appellant goes on to argue that these errors establish a "constitutional claim that implicates 'fundamental fairness,'" requesting that this court vacate the trial court's ruling and grant Appellant a judgment by default against Defendants.  However, the extension of time was for Appellant's benefit. He had not properly served any defendant, and the extension was the trial court's sua sponte effort to allow him time to do so.

**¶10**        Appellant alleges that the trial court "prejudicially deleted" parts of the record of both the April 4, 2014[2] and August 15, 2014 hearings. However, Appellant does not explain what was missing from the transcripts or how it would have changed the court's decision.  Also, there is nothing that suggests any portion of the August 15 hearing was not properly transcribed.  In our review of the record, we find no evidence that anything was intentionally deleted or omitted from the transcripts, nor an absence of relevant facts necessary to support the trial court's decision.

**¶11**        Appellant next argues his December 10, 2013 attempted service of Sloten was sufficient because the deputy's affidavit indicated that Rutledge had been served as an authorized agent**.**  In support of his argument, Appellant contends that service of Rutledge was proper because she is an agent under Rule 4.1(k), Arizona Rules of Civil Procedure. Appellant further argues that service was properly effectuated on April 1, 2014 when he served counsel for Defendants, and his March 2014 publication also satisfied service requirements.  He contends that the trial court abused its discretion in determining no defendant had been properly served.

**¶12**        We review the trial court's grant of the motion to dismiss for abuse of discretion, which occurs when the court's determination "exceeded the bounds of reason."  *Toy v. Katz*, 192 Ariz. 73, 83 (App. 1997); *see also Slaughter v. Maricopa Cty.*, 227 Ariz. 323, 326, ¶ 14 (App. 2011) (holding that we review a dismissal pursuant to Ariz. R. Civ. P. 41(b) for an

---

2        It appears that the beginning of the April 4 hearing was not recorded and therefore not transcribed.

abuse of discretion).  To effectuate proper service, "[a] summons, or a copy of the summons if addressed to multiple persons, shall be issued for each person to be served."  Ariz. R. Civ. P. 4(a).  An individual is served for purposes of this rule when a copy of the summons and complaint is issued to "that individual personally or by leaving copies thereof at that individual's dwelling house or usual place of abode" or to "an agent authorized by appointment or law to receive service of process."  Ariz. R. Civ. P. 4.1(d).  A business is served when a copy of the summons and complaint is delivered to "a partner, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Ariz. R. Civ. P. 4.1(i).  A party may also voluntarily appear; and in doing so waives any argument as to the adequacy of service of process.  *Ellman Land Corp. v. Maricopa Cty.*, 180 Ariz. 331, 336 (App. 1994).

**¶13**　　　　Appellant does not differentiate his attempts to serve Defendants individually.  He seems to argue that service to any defendant would satisfy service as to all.  However, pursuant to Rule 4(a), we consider whether service was effectuated as to each individual defendant.  Ariz. R. Civ. P. 4(a).

I.　　　Service of Defendant Allure Dermatology

**¶14**　　　　In his opening brief, Appellant argues his attempt to serve Sloten via Rutledge at the offices of Allure Dermatology was sufficient because Rutledge was an "agent" of Allure Dermatology, acting within the scope of her position.  However, the issue of whether Rutledge was an agent of Allure would only be germane if Appellant had attempted to serve Allure, which he had not.  No evidence in the record shows that Appellant ever attempted to serve Allure Dermatology.  During the April 4, 2014, hearing the court explained that Allure Dermatology could only be served on "someone who is authorized to accept service."  *See* Ariz. R. Civ. P. 4.1(i) (service to a business entity "shall be effected by delivering a copy of the summons and of the pleading to a partner, an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process").  Absent any evidence that Appellant attempted to serve or identify a proper recipient of service for Allure Dermatology, we cannot find that the trial court abused its discretion by dismissing the complaint.

II.     Service of Defendant Sloten

¶15         Appellant contends that his December 10, 2013 service on Rutledge was sufficient service of Sloten.  Although the deputy's affidavit of service stated that Rutledge was authorized to accept service on behalf of Sloten, with his first motion to dismiss, Sloten attached an affidavit in which he swore that Rutledge was not authorized to accept service on his behalf.  Given the conflict in the evidence, the trial court acted within its discretion in finding Rutledge was not authorized to accept service on behalf of Sloten.

¶16         During the April 4, 2014 hearing, the trial court explained Appellant was required to "serve [Sloten] personally or someone that he has authorized to accept service on his behalf."  *See* Ariz. R. Civ. P. 4.1(d) (service on an individual "shall be effected by delivering a copy of the summons and of the pleading to that individual personally or by leaving copies thereof at that individual's dwelling house or usual place of abode . . . [or] to an agent authorized . . . to receive service of process.").  The trial court also granted Appellant an additional sixty days to serve Defendants because he "could see how you could rely on what the deputy said in his affidavit, that [Rutledge was] a person of proper service."  Despite the trial court's instruction, Appellant made no further attempts to serve Sloten; instead he filed several motions contesting the court's decision and arguing that service of Rutledge "established all parties (All!) were properly served" because Rutledge was "obviously authorized on the basis of Rule 4.1" to accept service.  We disagree.  For the reasons explained above, the trial court did not abuse its discretion in determining Sloten had not been properly served.

III.    Service of Defendant Gregory

¶17         Appellant attempted to serve Gregory at the business address for Allure Dermatology but could not effectuate service because, according to the process server, Gregory was "CURRENTLY IN NEW YORK." Appellant filed a motion to extend time as to Gregory in December 2013, indicating that because Gregory was in New York, he intended to "commence service . . . by publication pursuant to Rule 4.1(n)," and that he required additional time to "complete service by publication."  The trial court granted the motion and extended the time for service for Defendants until March 31, 2014.  On March 31, 2014, Appellant filed an affidavit notifying the court he had effectuated service via publication, and attached a copy of a page from the Arizona Business Gazette from March 13, 2014, publishing the summons as to Gregory only.

¶18        Service by publication pursuant to Rule 4.1(l) is appropriate when "the person to be served is one whose residence is unknown to the party seeking service but whose last known residence address was within the state." Ariz. R. Civ. P. 4.1(l). When appropriate, service by publication is achieved after "publication of the summons, and of a statement as to the manner in which a copy of the pleading being served may be obtained," appears in a "newspaper published in the county where the action is pending" and "the county of the last known residence of the person to be served" for "at least once a week for four successive weeks." *Id.*

¶19        At the August 15, 2014 hearing on the motion to dismiss, the trial court found that Appellant had not proven that service by publication was appropriate because he had not shown that the residence of the person to be served was unknown. Additionally, there is no evidence in the record that Appellant published the summons once a week for four consecutive weeks as required by Rule 4.1(l). On this record, we cannot say that the court abused its discretion in finding Gregory was not properly served.

IV.    Service of all Defendants through Counsel

¶20        Finally, Appellant contends that service on Defendants through counsel was proper, but fails to provide any authority or evidence indicating the attorney was an authorized recipient of service or that, before service on the attorney, Defendants had appeared for all purposes through the attorney. Pursuant to Rule 5(c) serving an attorney in lieu of a party is appropriate "after an appearance." Ariz. R. Civ. P. 5(c). Any action by a party "except to object to personal jurisdiction . . . will constitute a general appearance." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 29, ¶ 8 (App. 2003). Here, Eaves entered a limited appearance "for the purposes of arguing lack of service," and informed Appellant that he did "not have authority to accept service of process on behalf of Drs. Sloten or Gregory." A party must be properly served before a court can assert jurisdiction over a defendant. *Koven v. Saberdyne Sys., Inc.*, 128 Ariz. 318, 321 (App. 1980). Because the only appearance by counsel for Defendants was for the limited purpose of contesting service and consequently personal jurisdiction, counsel was not a proper recipient of service on behalf of Defendants.

## CONCLUSION

**¶21**　　　　For the foregoing reasons, we find the trial court did not abuse its discretion, and affirm its dismissal with prejudice.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : ama